## WILLIAMS & BATTLE v. JONES, GUARDIAN.

1. The interest which will disqualify a witness must be an interest in the event of the cause; an interest in the question is not sufficient, nor can the objection be raised by the witness himself.

2. A deed may be properly registered upon the acknowledgement of the grantor alone.

3. A debtor has the right to prefer one creditor to another; that the grantor is indebted at the time of making the deed, or that it is made on the eve of judgments being obtained against him, are badges of fraud merely, and do not necessarily render it inoperative.

4. The equity of the maker of a deed accompanied by possession, may be sold under execution; but it seems that a Court of Chancery would be authorised to interfere, and ascertain and separate the interests of the mortgagor and mortgagee or maker of the deed, and *cestui que trust*.

5. A finding by a jury on a trial of right of property, in favor of the plaintiff in execution, is a condemnation of the property absolutely in discharge of the plaintiff's execution.

Error to Henry Circuit Court.

THIS was a trial of right of property in the Circuit Court of Henry County, in which the defendant in error was plaintiff in the execution, and the plaintiff in error Williams, trustee of Thomas Battle claimant. The jury found for the plaintiff in execution, and subjected a negro man and a bay mare to the payment of the plaintiff's execution. An agreement was entered into in the Court below, that fifteen other cases depending between the same parties, should abide the judgment in this case.

During the trial in the Court below, as appears by a bill of exceptions, the claimants, having proved its execution by one of the subscribing witnesses, offered in evidence a deed of trust and the certificate of probate thereto annexed, which deed bore date on the 4th September, 1839, and was made by Elijah Frank, the defendant in execution, by which a large amount of property was conveyed to the plaintiff in error Williams, as trustee for Thomas Battle, to secure the payment of debts due from Frank to Battle, and to secure Battle against liabilities

for Frank, as his surety on three bonds for twenty thousand dollars each.

On the deed was a certificate of the clerk of Henry County, that Elijah Frank appeared before him, on the 2d October, 1839, and acknowledged that he signed, sealed and delivered the deed, for the purpose therein specified, and that the deed was recorded on the same day; and also proved that the deed was recorded within twenty-eight days after the date of the deed.

The claimant offered to prove by the County clerk, that all the parties to the deed of trust, appeared on the day of the date of the certificate, and severally acknowledged the deed in the terms prescribed by law; and moved the Court to permit the clerk to amend his certificate according to the fact, which the Court refused, and the claimant excepted to such refusal as error.

It was also proved, that the deed was executed on the day it bore date. The consideration mentioned in the deed was also proved, that the present contingent liabilities of Battle, to be protected by the deed, amounted to fourteen thousand dollars; and that the property conveyed by the deed was worth ten thousand dollars. Actual notice of the deed of trust in September, 1839, and previous to the rendition of judgment, was proved to have been had by the plaintiff in execution. No other evidence was offered as to the time when the debt of plaintiff in execution had its inception, except the judgment and the service of the summons, which was spoken of by one witness.

The claimant offered as a witness, one of the co-defendants to the judgment against Frank, the defendant in execution, who being sworn on his *voir dire*, answered, that he was interested to make the property subject to the execution, and that he was not bound to swear against his interest; upon which he was excused by the Court from giving testimony in the cause, to which the claimant also excepted. Upon the evidence the Court charged the jury—

That the deed not being acknowledged by all the parties to it, the registration was not constructive notice under the statute;

but also charged, that actual notice would dispense with registration.

That, although the deed was duly recorded, and in other respects unimpeachable, yet it would be inoperative as to creditors whose debts existed anterior to the execution of the deed of trust, and refused to charge, that the date of the judgment was the time when the plaintiff in execution, because a creditor, but that the jury might find that the plaintiff, was a creditor anterior to that time, if there was any evidence of a previous debt on which the judgment was founded. .

That in regard to the effect of the deed of trust, a legal title, subject to execution, must at all times exist in all personal property in some one; that in this case such title must be either in the trustee, in Battle, or in Frank, the defendant in execution, and some evidence having been given, that the property levied on, was at the time of the levy in the possession of Battle, the charge was qualified by the instruction, that if Battle was in possession, and the deed otherwise unexceptionable, the property was not subject to the execution.

The Court charged that trust estates, such as the present, did not differ from mortgaged estates, and the vendor remaining in possession, the property was subject to execution against him.

That, under the issue joined, should a verdict be for the plaintiff, Battle would not be concluded; that his lien would not be lost, and that purchasers, under execution predicated on such finding, would take the property subject to the lien created by the deed, if in fact, it created any. To all which charges and refusals to charge, the claimant excepted; and now assigns the matters of law arising thereon as error; and second, that the issue tendered by the plaintiff was improper, as it sought to condemn the whole property, and not merely the equity of redemption. The case was submitted without argument.

BUFORD, for the plaintiff in error.
PECK & CLARKE, contra.

ORMOND, J.—The questions of law presented on the record are,

First: was the co-defendant of Frank the defendant in execution, properly excused from giving evidence, on the ground that he could not be compelled to swear against his interests.

Second: was the acknowledgment of the deed of trust, by the grantor, sufficient to authorise its registration.

Third: was the deed of trust inoperative, as to all creditors whose debts existed anterior to the execution of the deed of trust.

Fourth: Can the interest of the grantor in a deed of trust be sold under execution, he being in possession of the property.

Fifth: What is the effect of a verdict on the trial of the right of property; does it condemn the property absolutely to the payment of the execution, or only such estate as the grantor has in the property?

These questions will be considered in the order here presented.

1. The interest which will disqualify a witness, must be an interest in the event of the suit, by which he may obtain an advantage. If he is called to testify against his interest, he is certainly as competent as if he stood indifferent between the parties. The witness was a co-defendant of Frank in the original judgment; and the supposed interest is, that the witness himself is interested in subjecting the property levied on, to the payment of the judgment, as otherwise he might be called on to pay it himself. But it is not the privilege of a witness to object, but of the party against whom he is called on to testify.

A witness cannot be called on to testify, when his testimony would expose him to a criminal charge, or to a penalty; and it may be doubtful whether he could be called on as a witness, when his testimony would subject him to a civil action, or charge him with a debt, though the better opinion seems to be, that he would be compelled to answer in such a case. To satisfy the scruples of some of the English Judges on this point, the 46th of George 3d was passed, which declars that a witness shall be compelled to answer in such a case. The disqualification, arising from interest in the event of the cause, is not an

objection which can be raised by the witness, but by the party against whom he is called on to testify, and then only when he is called to swear in favor of his interest.

2. Deeds of trust of the description set out in this record, are by law, required to be proved or acknowledged, within thirty days from the time of their execution, and recorded. It appears that this deed was acknowledged before the clerk, and left with him for registration within this time; but it was rejected by the Court, because it did not appear by the certificate of the clerk, that the trustee and *cestui que trust* had also acknowledged it, although such was the fact; and a motion was submitted to the Court, that the clerk be permitted to amend his certificate so as to correspond with the truth of the case. It would be very strange, if the omission of the clerk to perform a mere ministerial act, could prejudice the rights of the parties; but it is not necessary now to decide the question, because the acknowledgement by the grantor, satisfied the requisition of law, as was held at this term in the case of Bradford v. Campbell, and repeatedly before in this Court.

3. The fact that a person making a deed of trust to secure one creditor, is in debt at the time, or that the deed is made on the eve of judgments being obtained against him, are certainly *badges of fraud*, which throw suspicion over the transaction; but it does not necessarily render the deed inoperative, as there can be no doubt, that a debtor has the right to prefer one creditor to another, and the deed made *bona fide* to secure or discharge a real indebtedness, should be supported.

The Court therefore erred in the charge given; but did not err in the refusal to charge that the date of the judgment was the time when the plaintiff in execution, became a creditor; whenever it became important to ascertain that fact, it would be referred to the creation of the debt, of which the judgment would be conclusive evidence.

4. In the case of Perkins & Elliott v. Mayfield, 5 Porter 182, the precise question here raised, was determined by this Court in which it was held, that a mere equity, unaccompanied by the possession of the property, could not be sold by execution; but that the equity of the maker of a deed of trust, accompanied by possession, could be thus sold

If this question was presented to this Court for the first time, considering the amount of property thus held, and the embarrassing effects which must result from a sale under such circumstances, we should hesitate long before we gave it our sanction.   The most obvious effects are, the sacrifice which must attend sales of property to which only an imperfect title can be conveyed by the sheriff, the value of which it may be difficult to ascertain, and the danger to which the mortgagee or the person beneficially interested, is exposed by the property being sold to different persons, and carried to different parts of the State, and perhaps out of the State, not to mention the difficulties which would attend a redemption of the property from the same causes.

We do not feel our ourselves authorised to depart from the decision, referred to, of Perkins & Elliott v. Mayfield, and that of McGregor & Darling v. Hale, and other cases which preceded it, and on which it was founded, although they lead to the consequences, we have stated ; they have been too long acted on, and acquiesced in to be now disturbed.

These considerations would, in our opinion, authorise a Court of Chancery to interfere before the sale, for the purpose of ascertaining, and separating, the interests of the mortgagor and mortgagee, or of the maker of a deed of trust, and the *cestui que trust.*   No injury could result to the plaintiff in execution, whom it would be the duty of the Court to require the party seeking its aid, to indemnify by adequate security.

5. The issue in this case was general, the plaintiff affirming and the claimant denying, that the property was liable to the execution.   The *effect* of a finding in favor of the plaintiff, by the jury, was a matter with which they had no concern; their duty was discharged by passing on facts, and finding according to the truth of the case ; the result of their finding would be a matter of law, arising out of the verdict.   If it could exert any influence over their finding, it would probably be an improper one, by inducing them to find the issue improperly; because the consequences might not be very injurious.   The charge moved for therefore, was highly improper, and should have been refused.   But the charge given was wrong; it was held by this

Court in the case of Perkins & Elliott v. Mayfield, already referred to, that a finding in favor of the plaintiff, on such an issue as the one in this case, was a condemnation of the property absolutely, in discharge of the plaintiff's execution.

The judgment must therefore be reversed and the cause remanded for further proceedings.