REBECCA ATKINS, APPELLEE, v. HENRY ATKINS AND MARTHA IRENE COURTNAY, APPELLANTS.

1. **Dower of Non-resident.** Where a husband conveys lands in this state while his wife is a non-resident thereof, she has no dower interest in the lands thus conveyed. *Ligare v. Semple*, 32 Mich., 438, approved and followed.

2. **Divorce:** CONVEYANCE BY HUSBAND TO DEFEAT ALIMONY. Where a husband, while a divorce suit was pending, conveyed all his property to his daughter, the offspring of the plaintiff and defendant, the apparent purpose being to defeat a decree for alimony, *Held*, That the burden of proof was on the grantee to show a valuable consideration. *Lane v. Starkey*, 15 Neb., 285. *Gregory v. Whedon*, 8 Id., 377. *Savage v. Hazzard*, 11 Id., 327.

3. **Constitutional Law:** REMEDY FOR CREDITORS. Where an equitable right exists in favor of creditors the legislature may create a legal remedy in their favor that will operate upon existing judgments.

APPEAL from the district court of Lancaster county. Tried below before POUND, J.

*Mason & Whedon* and *D. G. Courtnay*, for appellants.

*J. H. Foxworthy* and *J. R. Webster*, for appellee.

MAXWELL, J.

The decree of divorce was affirmed in *Atkins v. Atkins*, 13 Neb., 271, but the alimony reduced from $5,600 to $3,000, and the allowance for attorneys' fees and expenses from $2,000 to $1,000. The alimony thus allowed, it seems, was not paid, and the decree not being a lien upon the lands of Henry Atkins the plaintiff was unable to collect the same. In 1883 the legislature passed "An act to provide additional remedies for enforcement and collection of judgments and orders for alimony or maintenance." Comp. Stat., Ch. 25, §§ 4a, b.

The first section provides that, " All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by execution and proceedings in aid thereof, or other action or process, as other judgments."

An execution was thereupon issued on the decree, and levied upon certain real estate as the 'property of Henry Atkins, but the legal title to which was in Martha I. Courtnay. The plaintiff thereupon filed a creditor's bill to have the conveyance of said real estate to Mrs. Courtnay declared fraudulent and void as against the plaintiff's rights. The court below found the issues in favor of the plaintiff, and rendered a decree accordingly.

Three questions are presented by the record : *First.* Has the plaintiff any dower interest in the lands in controversy ? *Second.* Where a conveyance is made while an action is pending, the effect of which will be to defeat the judgment, on whom is the burden of proof of a valuable consideration ? And, *Third.* May the plaintiff avail herself of a remedy created by statute after a decree in her favor ?

Sec. 20 of chapter 23 of the Comp. St. provides that, " A. woman being an alien shall not on that account be barred of her dower ; and any woman residing out of the state shall be entitled to dower of the lands of her deceased husband lying in this state, of which her husband *died seized ;* and the same may be assigned to her or recovered by her in like manner as if she and her deceased husband had been residents within this state at the time of his death."

It will be seen that any woman residing out of the state is entitled to dower only in such lands of her deceased husband lying in this state as he was seized of at the time of his death. This section of the statute seems to have been copied from the statute of Michigan on that subject, the language being the same. The proper construction of the section was before the supreme court of that state in *Ligare*

*v. Semple*, 32 Mich., 438, and it was held that where a husband conveyed lands in that state while his wife was a non-resident thereof she was not entitled to dower therein. In our view this is the proper construction to be given to the language of the statute, and we approve of and adopt it. The plaintiff, therefore, being a non-resident of the state, had no dower interest in any of the lands conveyed by Henry Atkins.

*Second.* The testimony shows that Martha I. Courtnay is the daughter of the plaintiff and Henry Atkins; that the property in question is all the property in this state, so far as is known, possessed by Henry Atkins, and the effect of the transfer is to defeat the plaintiff's decree for alimony.

Sec. 17, Chap. 32, Comp. Stat., declares every conveyance or assignment " made with the intent to hinder, delay, or defraud creditors or persons of their lawful rights, damages, forfeitures, debts, or demands," etc., void. Rights of alimony certainly are included in this provision. *Morrison v. Morrison*, 49 N. H., 69. *Chase v. Chase*, 105 Mass., 385. *Dawson v. Damon*, 28 Wis., 512. *Draper v. Draper*, 68 Ill., 19. *Turner v. Turner*, 44 Ala., 437. A transfer made while a suit is pending of all the debtor's property is merely a badge of fraud. It may be shown to be valid because the mere pendency of the suit does not make the transfer void. Bump Fraud. Conv. (3d Ed.), 37, 38. But where all the debtor's property is conveyed with the apparent intention on the part of the grantor to defeat a judgment about to be recovered against him, and these facts are known to the grantee, the burden of proof rests upon her to show a valuable consideration. *Baxter v. Septimus*, 3 Md., 334. *Spindler v. Atkinson*, 3 Id., 409. *Hunter v. Waite*, 3 Gratt., 26. *Crossley v. Elworthy*, L. R., 12 Eq., 158. *Wilson v. Buchanan*, 7 Gratt., 334. *Woolston's Appeal*, 51 Penn. St., 452. *Crumbaugh v. Kugler*, 2 O. S., 373. *Reynolds v. Lansford*, 16 Tex., 286. *Raymond v.*

*Cook,* 31 Id., 373. *Oliver v. Moore,* 23 O. S., 473.
*Spence v. Dunlap,* 6 Lea, 457. It is the *bona fide pur-*
*chaser* and not the innocent donee that is protected. There-
fore the burden of proving a valuable consideration is on
the grantee, when proof of that fact becomes necessary to
her protection against those standing in the relation of
creditors of the grantor. *Lane v. Starkey,* 15 Neb., 285.
*Gregory v. Whedon,* 8 Id., 377. *Savage v. Hazzard,* 11
Id., 327. 1 Am. L. C. (4th Ed.), 53. *Battle v. Jones,*
2 Ala., 314. Abbott's Tr. Ev., 448, 449. As Mrs.
Courtnay failed to introduce any proof on that point there
is no evidence that she paid any sum whatever for the
property.

*Third.* Remedies for the collection of judgments are
largely within the control of the legislature, and if no
vested right is destroyed such acts are valid. It will not
be seriously contended that one holding property of a
debtor as voluntary donee has any vested right to hold the
same as against one holding a valid claim against the donor
at the time the donation was made. The property in such
case, to the extent of the creditor's claim against the debtor,
is liable for the satisfaction of the same, and the legislature
by providing a mode for subjecting property to the pay-
ment of the judgment merely provides for the more perfect
administration of justice by the application of the property.

It is well settled that where an equitable right exists in
favor of creditors, the legislature has the right to create a
legal remedy in their favor. *Lewis v. McElvain,* 16
Ohio, 355. *Bolton v. Johns,* 5 Penn. St., 149. *Hender-*
*son v. Dickerson,* 17 B. Mon., 173. *Sempeyac v. U. S.,* 7
Pet., 222. The act in question, therefore, is valid, and
the proceedings under it legal. It follows that the judg-
ment of the court below must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.