WILLIAM M. MINER, APPELLEE, V. ESTHER E. MORGAN, APPELLANT.

FILED FEBRUARY 6, 1909. No. 15,444.

1. **Pleading: REPLY: DEPARTURE.** Where a petition to quiet title states that defendant has no interest in the land, but claims an unfounded dower interest therein, a reply alleging the claim is unfounded by reason of defendant's nonresidence does not introduce a new cause of action.

2. ——: ——: ——: WAIVER. A defendant who submits his defense to the court on issues raised by the reply, without attacking it in any form, waives the objection that it introduces a new cause of action. *Gregory v. Kaar*, 36 Neb. 533.

3. **Appeal: ISSUES.** On appeal from a decree in a suit against a widow to quiet plaintiff's title to land, her homestead interest cannot be considered on a record which fails to disclose, either by pleading or proof, that the land had ever been occupied or claimed as a homestead.

4. **Dower: NONRESIDENTS.** "Where a husband conveys lands in this state while his wife is a nonresident thereof, she has no dower interest in the lands thus conveyed." *Atkins v. Atkins*, 18 Neb. 474, followed.

5. ——: ——: EVIDENCE. Proof that a man left his wife in Wisconsin, came to Nebraska in 1870, never lived with her afterward, concealed his residence from her for nine years, represented himself to be a single man, and conveyed land as such, moved in 1888 to Kansas, where he died in 1902, his wife never having lived in this state until after his death, *held* sufficient to sustain a finding that she was a nonresident, within the meaning of the statute limiting the dower right of a woman living out of the state to lands in which her husband died seized.

6. **Constitutional Law: DOWER.** A statute limiting the dower right of a nonresident widow to lands of which her husband died seized, and extending the dower right of a resident widow to other lands, *held* not inhibited by constitutional provisions relating to due process of law and to distinctions between resident aliens and citizens in the possession, enjoyment or descent of property.

APPEAL from the district court for Webster county: ED L. ADAMS, JUDGE. *Affirmed.*

*John L. Webster, Victor McLucas* and *E. U. Overman,*
for appellant.

*Bernard McNeny, contra.*

Rose, J.

This is a suit to quiet plaintiff's title to a quarter sec-
tion of land in Webster county. In his petition plaintiff
alleges in substance the following facts: Milton M. Mor-
gan owned the land September 13, 1881, and on that date
conveyed it by a warranty deed, describing himself as a
single man, to Charles F. Allen. By mesne conveyances
it was transferred to plaintiff, May 8, 1902. Defendant
claims she was the wife of Morgan when he executed the
deed mentioned, and is now his widow and has a dower
interest in the land. Plaintiff further pleads that the
claims of defendant are unfounded, that she has no estate
or interest in the premises, that her claims are clouds
upon plaintiff's title, and that Morgan died in Kansas,
January 28, 1902. By answer defendant avers she was
married to Morgan August 5, 1855, was his lawful wife
until his death, and is entitled to the rents and profits of
one-third of the land from January 28, 1902, by virtue of
her dower interest. She also avers that she is a resident
of Douglas county, Nebraska, and that Morgan left sur-
viving him the defendant, his wife, and two daughters.
Plaintiff filed a reply, in which he stated that defendant
was a nonresident of the state of Nebraska, September 13,
1881, when Milton M. Morgan deeded the land to Charles
F. Allen, and that at the time of the death of Morgan he
and defendant were nonresidents of the state of Nebraska;
the defendant being a resident of Wisconsin, and Morgan
being a resident of Kansas. The district court found the
issues thus joined in favor of plaintiff and entered a de-
cree in his favor. Defendant appeals.

The first assignment of error argued by defendant is

based on the assertion that the reply introduces a new cause of action. It is insisted that defendant's nonresidence is for the first time pleaded in the reply to defeat her dower. In this situation defendant invokes the rule that plaintiff can recover only on the cause of action stated in the petition, and the reply cannot introduce a new one. The petition states defendant has no interest or estate in the land, but that she claims a dower interest which is unfounded. The reply, by alleging facts which show that the claim of dower is unfounded by reason of defendant's nonresidence, does not introduce a new cause of action. In any event the reply was not assailed in any form in the lower court, and defendant went to trial on the issues raised by it and the other pleadings. The objection now made by defendant is therefore waived. *Gregory v. Kaar,* 36 Neb. 533.

Another point argued by defendant is that the realty in controversy was the homestead of the Morgan family, and therefore was not conveyed to Morgan's grantee, September 13, 1881, by the deed to which defendant was not a party. The answer to this argument is there is no pleading or proof to show that the property was ever claimed or occupied as a homestead by either defendant or her husband.

Defendant's principal argument is directed to the proposition that her absence from the state did not deprive her of her dower rights. The facts upon which this argument rests, as contended by defendant in her brief, are that the Morgans did not own a home in Wisconsin; that the husband, as the head of the family, went to Nebraska to take up a homestead, and, when settled and established, was to send for his family; that they had lived together more than 15 years; that he kept up a correspondence with his wife and a daughter, informing them that he intended to bring them to the homestead in Nebraska when ready; that there had never been any trouble in the family, and that it was not a case of separation. After presenting this summary of facts, as understood by de-

fendant, she asks the court to presume that her residence was with her husband on the land in controversy, and to reverse a contrary finding of the trial court, as follows: "The court finds that the defendant, Esther E. Morgan, at the time of the conveyance of the premises described in plaintiff's petition, was a non-resident of the state of Nebraska and was a resident of the state of Wisconsin, and, at the time of the death of said Milton M. Morgan, he was a non-resident of the state of Nebraska, being a resident of the state of Kansas, and defendant was a non-resident of Nebraska."

Morgan parted with his title to the land, September 13, 1881, and died January 28, 1902, and, if the finding of the trial court is sustained by the evidence, defendant's claim is defeated by the following statutory provisions, which were in force at the time of her husband's death: "A woman being an alien shall not, on that account, be barred of her dower; and any woman residing out of the state shall be entitled to dower of the lands of her deceased husband, lying in this state, of which her husband died seized." Comp. St. 1903, ch. 23, sec. 20. In giving effect to these provisions this court, in an opinion by Judge MAXWELL in *Atkins v. Atkins*, 18 Neb. 474, said: "This section of the statute seems to have been copied from the statute of Michigan on that subject, the language being the same. The proper construction of the section was before the supreme court of that state in *Ligare v. Semple*, 32 Mich. 438, and it was held that where a husband conveyed lands in that state while his wife was a nonresident thereof she was not entitled to dower therein. In our view this is the proper construction to be given to the language of the statute, and we approve of and adopt it." Other courts have taken the same view of similar statutes. *Bennett v. Harms*, 51 Wis. 251; *Buffington v. Grosvenor*, 46 Kan. 730; *Thornburn v. Doscher*, 32 Fed. 810.

Was the evidence sufficient to sustain the finding that Morgan executed his deed when defendant was a non-resident? Morgan came to Webster county, Nebraska, in

1870, or later, represented himself to be a single man, and so described himself in his deed. A witness who lived in the neighborhood and knew Morgan from the time of his arrival until he moved to Kansas did not know he had a wife. Morgan left Webster county in 1888 or 1889 and did not return, except on a visit, and was living in Kansas at the time of his death. He never returned to his family. For nine or ten years after he left defendant and her daughters in Wisconsin they never heard from him, and defendant was never in Nebraska until after her husband died in Kansas. The evidence thus summarized is sufficient to sustain the finding that defendant was a "woman residing out of the state," within the meaning of the statute which limits the dower interest of a nonresident wife to lands of which her husband died seized. *Thornburn v. Doscher, supra.*

If the wife's domicile followed that of the husband, the evidence would still sustain the finding of the trial court, as to defendant's nonresidence, since, in that event, she would be a resident of Kansas, where her husband was residing at the time of his death, and not a resident of this state. It is insisted, however, that defendant's domicile followed that of her husband to Webster county, Nebraska; that her dower interest attached to his land there, before his death, and vested in her the instant he acquired title, and still remains a charge upon the land; that resident widows are protected in such a dower right, and that the statute quoted, in so far as it has been construed in *Atkins v. Atkins, supra,* to deprive a nonresident widow of the same right, is unconstitutional. One provision on which defendant's argument is based appears in both the state and federal constitutions, and declares that no person shall be deprived of property without due process of law, and another is section 25, art. II, of the state constitution, which provides that "no distinction shall ever be made by law between resident aliens and citizens in reference to the possession, enjoyment or descent of property." In other states similar legislation has been upheld

when thus attacked.   It rests on the inherent power of the state government over the marriage relation, the means by which land within the state may be transferred by husband or wife, the interest each shall have in the property of the other, the descent or testamentary disposition of realty and the protection of titles.   In both Kansas and Wisconsin a statute like our own was sustained.   *Buffington v. Grosvenor,* and *Bennett v. Harms, supra.*   In discussing a statute like the one under consideration, the circuit court of the United States for the district of Oregon said: "It rests with the legislature to say what interest, if any, married persons shall have in the property of each other, as an incident of the relation between them.   It may give or withhold dower altogether. Or it may for the security of titles, and the protection of innocent purchasers, provide that a nonresident woman whose very existence is probably unknown within the state, and is practically disavowed by the husband, shall not be entitled to dower of lands which he has disposed of without her concurrence or consent, and ostensibly as a single man." *Thornburn v. Doscher,* 32 Fed. 810.   The statute does not violate the constitutional provisions upon which defendant relies, and the construction adopted in *Atkins v. Atkins,* 18 Neb. 474, is followed.

No error appearing in the record, the judgment of the district court is

AFFIRMED.