ROY W. BURR, APPELLANT, v. ARTHUR G. FINCH ET AL., APPELLEES.

FILED MAY 13, 1912.   No. 16,650.

1. **Dower: NONRESIDENTS.** Under the statutes of Nebraska the dower of a nonresident of the state is limited to lands of which her husband died seized.

30

2. **Process: Constructive Service: Publication of Notice.** Notice to nonresidents, inserted in a weekly newspaper September 14, 21, 28, and October 6, 1899, was published "four consecutive weeks," within the meaning of section 79 of the code, providing that "the publication must be made four consecutive weeks in some newspaper."

3. **Evidence: Genuineness of Signature.** In determining whether a notary's name was appended to a jurat with a rubber stamp, or written with pen and ink, the trial court, in a suit in equity, is not compelled to disregard the appearance of the name itself and accept as conclusive indefinite testimony that the name was printed with a rubber stamp.

4. **Taxation: Foreclosure of Lien: Jurisdiction.** In the district court, a county's foreclosure of a tax lien on land without an antecedent administrative sale is not, on account of that omission, void for want of jurisdiction.

Appeal from the district court for Sheridan county: William H. Westover, Judge. *Affirmed.*

*Allen G. Fisher, William P. Rooney* and *Andrew M. Morrissey,* for appellant.

*Albert W. Crites, contra.*

Rose, J.

This is a suit to redeem a quarter-section of land in Sheridan county from a tax foreclosure sale and to quiet title in plaintiff. The patent to the land was issued by the United States to John Auchampaugh January 2, 1895. The patentee and his wife executed and delivered to G. N. Anderson a warranty deed dated October 5, 1898, and recorded December 10, 1900. From the latter grantee and his wife, plaintiff claims title by quitclaim deed dated March 1, 1909, and recorded June 2, 1909. In a suit instituted by Sheridan county September 9, 1899, against the patentee and his wife, who were nonresidents upon whom service was made by publication, the land, pursuant to a decree foreclosing the county's lien for unpaid taxes, was sold by the sheriff to H. C. Cutler Decem-

ber 26, 1899. The sheriff's sale was confirmed December 29, 1899, and a sheriff's deed to the purchaser was executed January 2, 1900, and recorded January 4, 1900. Cutler, after his purchase, improved the land to the extent of $1,100, deeded it to defendant Ervin Eddy by warranty deed dated July 16, 1908, and recorded August 4, 1908. For the consideration of $2,500 Eddy deeded the land to defendant Arthur G. Finch by warranty deed dated December 17, 1908, and recorded January 2, 1909, and took from the purchaser a mortgage for $1,500. Plaintiff claims title by mesne conveyances from the patentee, and defendants rely on mesne conveyances from the purchaser at the tax foreclosure sale. Under facts properly pleaded, the trial court denied relief to plaintiff, quieted in defendant Finch the title to the land, and confirmed the validity of the mortgage lien in favor of defendant Eddy. Plaintiff has appealed. Defendant Ervin Eddy died after the appeal was docketed in this court and the cause has been revived in the name of Helen Eddy as his successor in interest.

1. The first proposition argued, if correctly understood, is that the grantee of the patentee's wife has a right to redeem the land from the tax foreclosure because the sheriff's sale did not cut off the wife's inchoate right of dower. While the tax lien was being foreclosed the patentee and his wife were nonresidents, residing at Independence, Iowa. She is not entitled to redeem. Under the statutes of this state the dower of a nonresident is limited to lands of which her husband died seized. Comp. St. 1905, ch. 23, sec. 20; *Atkins v. Atkins*, 18 Neb. 474; *Miner v. Morgan*, 83 Neb. 400.

2. It is next asserted that the district court had no jurisdiction to foreclose the tax lien because the notice was not published four successive weeks as required by law. The statute provides: "The publication must be made four consecutive weeks in some newspaper printed in the county where the petition is filed." Code, sec. 79. The publisher's affidavit states that the notice was pub-

lished in a weekly newspaper "four consecutive weeks, the first insertion in the issue of September 14, 1899, and the last insertion in the issue of October 6, 1899." The argument of plaintiff is that the weekly publications commencing September 14, had they been consecutive, as required by statute, would have appeared as follows: Thursday, September 14; Thursday, September 21; Thursday, September 28; Thursday, October 5; whereas the affidavit shows that the last publication was made one day too late, namely, Friday, October 6. It is clear that there were four publications in a weekly newspaper and that the fifth and sixth days of October were days of the same week. In *Davis v. Huston*, 15 Neb. 28, it was held that the language of the code means that the notice must be "inserted in a weekly newspaper once in each week for four weeks successively, and that the publication is deemed complete upon the distribution of the newspaper containing its fourth successive insertion." In *Medland v. Linton*, 60 Neb. 249, it was held that the word "week," in its legal significance, "means a period of time commencing on Sunday morning and ending on Saturday night." According to these decisions the publication, in respect to the dates and the issues of the weekly newspaper, complied with the statute.

3. The jurisdiction of the court in the foreclosure suit is also collaterally attacked because, as plaintiff asserts, it is shown that the name of the notary before whom the proof of publication purports to have been made was appended to the jurat with a rubber stamp. The testimony supporting this assertion is not direct and positive. The original affidavit was submitted to the trial court. It is in the record, and in it the name of the notary looks very much like a signature written with pen and ink. Over plaintiff's objections the trial court in this case held the notary's signature to be genuine and that finding is here adopted as correct.

4. Plaintiff further contends that the foreclosure was void for want of an antecedent administrative sale. It

has often been held that "a. county's foreclosure of a tax lien on land without an antecedent administrative sale is not, on account of that omission, void for want of jurisdiction." *Mathews v. Gillett,* 90 Neb. 763, and cases cited.

No error has been pointed out, and the judgment is

AFFIRMED.