EKEGREN and another, Appellants, vs. MARCOTTE, Respondent.

*January 12—February 9, 1915.*

*Dower: Wife "residing out of this state:" Statute construed.*

1. Under sec. 2160, Stats., providing that "any woman residing out of this state shall be entitled to dower only of lands of her husband, being in this state, of which he died seised," the words "residing out of this state" refer, not to the time of the husband's death, but to the time of the conveyance of the land by him without her signature. *Bennett v. Harms*, 51 Wis. 251, overruled.
2. Even though the husband is a resident of Wisconsin the wife may be "residing out of this state," within the meaning of said statute.

APPEAL from a judgment of the circuit court for Polk county: ORREN T. WILLIAMS, Judge. *Reversed.*

This action was brought to quiet title to eighty acres of land in Polk county in which, it is claimed, the defendant, *Ede Marcotte,* has a right of dower. The complaint prays that the plaintiffs have judgment that their claim and title be established against any claim of the defendant, and that she be forever barred against claiming any right or title to the lands in question adverse to the plaintiffs.

The answer denies upon information and belief the plaintiffs' ownership of the lands described in the complaint, and further alleges that she is the widow of one Frank Marcotte, through whom plaintiffs claim to have acquired the said premises, and as such widow claims a right of dower in the lands described, and denies generally other allegations of the complaint.

The court made the following findings: That Frank Marcotte and *Ede Marcotte* were married in the province of Canada on the 4th day of October, 1875, and ever since have been and now are husband and wife; that Frank Marcotte and the defendant came to Wisconsin in 1880 and lived in the town of Somerset, St. Croix county, Wisconsin, about four or five

years, and then left Wisconsin and lived at various places, and finally Frank Marcotte returned to Wisconsin some time prior to March 24, 1900, his wife, *Ede Marcotte,* being at that time at New Bedford, Massachusetts; that March 24, 1900, Frank Marcotte purchased and became the owner of the north half ($\frac{1}{2}$) of the northwest quarter (N. W. $\frac{1}{4}$) of section one (1), township thirty-four (34) north, of range sixteen (16) west, in Polk county, Wisconsin (being the premises described in the complaint), by proper conveyances of record; that on the 3d day of May, 1906, Frank Marcotte, by an instrument in writing, conveyed said premises to the plaintiffs, which said instrument was recorded in the office of the register of deeds of Polk county June 3, 1906, but which said instrument was not signed by the defendant *Ede Marcotte,* who was then and there the wife of Frank Marcotte, the said *Ede Marcotte* being at that time at New Bedford, Massachusetts; that the plaintiffs have been in the actual possession of the premises above described and the whole thereof since May, 1906, and are still in such possession; that the defendant *Ede Marcotte,* in the latter part of the year 1913, came to Wisconsin and purchased a small store at New Richmond, Wisconsin, and intends to make said place her future home; and as conclusion of law the court found that the complaint should be dismissed with costs.

Judgment was entered in accordance with the findings of fact and conclusion of law dismissing the complaint on its merits, from which this appeal was taken.

For the appellants there was a brief by *Kennedy & Yates,* and oral argument by *W. T. Kennedy.*

For the respondent the cause was submitted on the brief of *McNally & Doar.*

KERWIN, J.   In the conveyance in question the husband of defendant represented himself a single man.   It is established that at the time of the conveyance and for many years

prior thereto the defendant was not residing in the state of Wisconsin. Point is made by counsel for respondent that the husband at the time of the conveyance was a resident of this state, therefore the defendant must be regarded as a resident under the rule that residence of husband is residence of wife. It is very doubtful at least whether the evidence shows that the husband of defendant was a resident, but in any event the evidence shows that the defendant was not residing in Wisconsir within the meaning of the statute under consideration and hereafter discussed. It is also contended by counsel for respondent that forty of the eighty acres conveyed by the husband were a homestead, therefore the deed as to such forty at least was void under sec. 2203, Stats., which provides that no alienation by a married man of his homestead exempt by law from execution without his wife's consent, evidenced by her act of joining in the deed, shall be valid or of any effect whatever.

The difficulty with this contention is that there is no evidence that any part of the land in question was the homestead of Frank Marcotte, husband of defendant.

This case turns upon the construction of sec. 2160, Stats., which provides:

"A woman, being an alien, shall not on that account be barred of her dower, but any woman residing out of this state shall be entitled to dower only of lands of her husband, being in this state, of which he died seised; and the same may be assigned to or recovered by her in like manner as if she and her husband had been residents of this state at the time of his death."

Counsel for respondent relies upon *Bennett v. Harms,* 51 Wis. 251, 8 N. W. 222, in which the following language is used: "The nonresidence intended by this statute is at the time of the death of the husband, and not at the time of the conveyance of the land."

We disapprove of this language, and so far as the case holds

that the nonresidence intended by the statute is at the time of the death of the husband the case is overruled.

This statute was taken from Michigan and received construction there in two cases: *Pratt v. Tefft,* 14 Mich. 191, and *Ligare v. Semple,* 32 Mich. 438. In the former it was said that "a woman residing out of this state at the time of her husband's death is not entitled to dower of lands lying within this state, of which he had been seised, but which he had conveyed without her joining." In the latter case (32 Mich. 438) the court holds that a wife who is a nonresident of the state at the time the husband makes an absolute conveyance of land, divesting himself entirely of his seisin and estate, has no right of dower under the statutes of Michigan.

These two Michigan cases are referred to and discussed in *Bennett v. Harms, supra,* and we think it clear that the doctrine laid down in *Ligare v. Semple, supra,* is the correct doctrine and rules the instant case.

If the rule contended for by respondent were adopted, it is clear that the purpose of the statute, in many cases at least, would be defeated. Under such a construction the wife might remain out of the state and reside elsewhere during the time the husband was making absolute conveyances of his real estate and delivering seisin and possession, and if afterwards she came into the state and resided there at the time of his death she would have dower in all lands previously conveyed by him while she resided out of the state. We do not think such is the proper construction of the statute. But on the contrary we think the "residing out of the state" mentioned in the statute refers to the time of the conveyance. This construction is in harmony with the Michigan cases above cited under a similar statute.

It follows that the judgment of the court below must be reversed.

*By the Court.*—The judgment is reversed, and the cause remanded with instructions to render judgment for plaintiffs according to the demand of the complaint.