## FERRY v. SPOKANE, P. & S. RY. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3472.

1. **Dower** ⬤⟳**44—Under Oregon statute nonresident widow not entitled to dower in lands conveyed by husband.**

Under the Oregon Statute (L. O. L. § 7306), providing that "any woman residing out of the state shall be entitled to dower of the lands of her deceased husband lying in this state of which her husband died seized," a wife, who was a nonresident of the state at the time of the conveyance of lands within the state by her husband in which she did not join, and also at the time of his death, is not entitled to dower in such lands.

2. **Constitutional law** ⬤⟳**206 (1)—Dower not a "privilege or immunity," within the Constitution.**

A state statute, limiting the right of dower in case of nonresidents to lands of which the husband died seized, *held* not invalid, as abridging the privileges or immunities of citizens, within the meaning of Const. U. S. Amend. 14.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Privileges and Immunities.]

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Suit in equity by Evelyn P. Ferry against the Spokane, Portland & Seattle Railway Company and the Central Trust Company of New York. Decree for defendants, and complainant appeals. Affirmed.

James G. Wilson and Geo. B. Guthrie, both of Portland, Or., and Charles Haldane, of New York City, for appellant.

Charles H. Carey, James B. Kerr, and Omar C. Spencer, all of Portland, Or., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellant brought a suit to establish her alleged dower rights in certain real estate in the state of

Oregon, the title to which had stood in the name of her former husband, but which he had sold and conveyed without her signature to the deeds. The court below sustained a motion to dismiss the bill.

[1] The appellant concedes that the bill shows that at the time of her husband's death, and at the time of the conveyances she was a nonresident of the state of Oregon. A statute of the state in force since 1854 provides:

"A woman being an alien shall not on that account be barred of her dower; and any woman residing out of the state shall be entitled to dower of the lands of her deceased husband lying in this state of which her husband died seized." L. O. L. § 7306.

The statute was taken from the laws of Michigan, there adopted in 1846. In Pratt v. Tefft, 14 Mich. 191, the Supreme Court of Michigan, construing the statute, held that one of its purposes was to provide that a woman might bar her dower by nonresidence, and that a woman residing out of the state at the time of her husband's death was not entitled to dower of lands in the state of which he had been seized, but which he had conveyed without her joining in the deed. That construction was reaffirmed in Ligare v. Semple, 32 Mich. 438, and again in Stringer v. Dean, 61 Mich. 203, 27 N. W. 886. Wisconsin also adopted the Michigan statute, and in Bennett v. Harms, 51 Wis. 251, 8 N. W. 222, it was held that a woman who was not a resident of the state at the time of her husband's death was not entitled to dower in lands which he conveyed during the marriage without her signature, and that the nonresidence intended was a nonresidence at the time of the husband's death, and not at the time of his conveyance of the land. In Ekegren v. Marcotte, 159 Wis. 539, 150 N. W. 969, the former decision was modified, and it was held that the words "residing out of this state" referred, not to the time of the husband's death, but to the time of the conveyance. In Thornburn v. Doscher (C. C.) 32 Fed. 810, in construing the Oregon statute, Judge Deady followed the decisions of Michigan and Wisconsin, and held that a woman not a resident of the state was not entitled to dower in the lands therein of which her husband did not die seized. That construction was accepted by the Supreme Court of Oregon in Cunningham v. Friendly, 70 Or. 222, 139 Pac. 928, 140 Pac. 989. Nebraska also had adopted the statute, and it has there received the same construction as in the states before mentioned. Atkins v. Atkins, 18 Neb. 474, 25 N. W. 724; Miner v. Morgan, 83 Neb. 400, 119 N. W. 781; Burr v. Finch, 91 Neb. 417, 136 N. W. 72.

A statute of Kansas, creating an interest in the nature of dower, provided:

"That the wife shall not be entitled to any interest under the provisions of this section in any land to which the husband has made conveyance, when the wife, at the time of the conveyance is not or never has been a resident of this state."

In Buffington v. Grosvenor, 46 Kan. 730, 2 Pac. 137, 13 L. R. A. 282, the court followed the decisions in Michigan, Wisconsin, and Nebraska, and denied dower to a nonresident wife.

[2] But it is contended that the Oregon statute is unconstitutional, in that it is repugnant to section 2, art. 4, and the Fourteenth Amendment. Corfield v. Coryell, 4 Wash. C. C. 371, Fed. Cas. No. 3,230, is cited, in which it was said:

"The inquiry is: What are the privileges and immunities of citizens of the several states? We feel no hesitation in confining these expressions to those privileges and immunities which are, in their nature, fundamental, which belong, of right, to the citizens of all free governments, and which have, at all times, been enjoyed by the citizens of the several states which compose this Union, from the time of their becoming free, independent, and sovereign."

The same constitutional objection was made in several of the decisions to which we have referred. In Bennett v. Harms it was held that a nonresident wife's expectancy of dower, being inchoate, was under the absolute control of the state Legislature, and that the Legislature was not prevented from discrimination against those who were not citizens or residents. In Buffington v. Grosvenor the court followed Conner v. Elliott, 18 How. 591, 15 L. Ed. 497, where it had been held that a statute of Louisiana which discriminated in favor of women who contracted marriage within the state, or who contracted marriage out of the state and afterwards went there to live, had no connection with the privileges and immunities provision of the Constitution.

The statute of Oregon was primarily a provision to regulate the conveyance of real estate within the then territory of Oregon, and we may assume that its adoption was inspired by a principle of public policy, having in view the vast distance between the territory and the Eastern States, whence immigration came, the difficulty of communication, the difficulty of ascertaining whether a resident of the territory had a wife "back in the States," and the difficulty of obtaining her signature in case she were known.

The appellant cites decisions from the state of California, such as In re Stanford's Estate, 126 Cal. 112, 54 Pac. 259, 58 Pac. 462, 45 L. R. A. 788, which hold that where a state imposes upon the citizens of another state a tax upon their right of inheritance which it does not impose upon its own citizens, the law is invalid under the provisions of the Fourteenth Amendment. It is contended that in principle such a discrimination is not distinguishable from that which is created by the Oregon statute in question here. But we think that the right of dower stands upon a different footing from the right of inheritance.

"Dower is not the result of any contract between the husband and the wife, either express or implied, but it is an institution of the state, founded upon public policy, and made by positive law an incident of the marriage relation." 19 C. J. 460.

During coverture the dower right is a mere inchoate right, which may be abridged or taken away at any time before the husband's death.

"It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, or otherwise alter it, or wholly take it away." Randall v. Kreiger, 23 Wall. 137, 23 L. Ed. 124.

On the other hand:

"The general consent of the most enlightened nations has, from the earliest historical period, recognized a natural right in children to inherit the property of their parents." United States v. Perkins, 163 U. S. 625, 628, 16 Sup. Ct. 1073, 1074 (41 L. Ed. 287).

In Thornburn v. Doscher, Judge Deady said:

"It rests with the Legislature to say what interest, if any, married persons shall have in the property of each other, as an incident of the relation between them. It may give or withhold dower altogether."

The Legislature having this power to give or withhold dower, it follows that it has the power to declare the manner in which the dower right may be barred, or the grounds upon which it may be forfeited, and, if so, it has the right to provide that it may be barred by the wife's nonresidence in the state.

This view of the main question leaves it unnecessary to consider the question of laches in bringing the suit.

The decree is affirmed.