FERRY *v.* SPOKANE, PORTLAND & SEATTLE RAILWAY COMPANY ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 177. Argued March 20, 1922.—Decided April 10, 1922.

1. Dower is not a privilege or immunity of citizenship, state or federal, within the meaning of § 2 of Article IV of the Constitution or the Fourteenth Amendment, but at most a right attached to the marital relation and subject to regulation by each State respecting property within its limits. P. 318.
2. The Oregon law allowing a dower right in the lands of which the husband was seized of an estate of inheritance at any time during

the marriage, but restricting this, when the wife at the time of his death is a nonresident of the State, to the lands of which the husband died seized, does not deprive the nonresident widow of property without due process of law or deny her the equal protection of the laws in violation of the Fourteenth Amendment.   P. 318.

268 Fed. 117, affirmed.

APPEAL from a decree of the Circuit Court of Appeals affirming a decree of the District Court which dismissed a bill by which the appellant asserted a dower right in land possessed by the appellee railway company.

*Mr. Henry L. Brant,* with whom *Mr. James G. Wilson, Mr. George B. Guthrie, Mr. Charles Haldane,* and *Mr. Frances L. Patton, Jr.,* were on the brief, for appellant.

Citizenship and residence, while not strictly synonymous, under all circumstances, are practically so, so far as they are used in the Oregon statutes and as they apply to the case at bar.   Federal Constitution, Fourteenth Amendment, § 1; *Chalker v. Birmingham & Northwestern Ry. Co.,* 249 U. S. 522; *Travis v. Yale & Towne Manufacturing Co.,* 252 U. S. 60.

The right to succeed to property in one State by a citizen residing in another State is protected by Art. IV, § 2, of the Constitution and by the Fourteenth Amendment.   *Magill v. Brown,* 16 Fed. Cas. 408; *Estate of Stanford,* 126 Cal. 112; *Estate of Mahoney,* 133 Cal. 180; *Estate of Johnson,* 139 Cal. 532.

It is conceded that a State has full power over matters of succession to property within its jurisdiction and may, as to aliens, discriminate, or deny such rights.   *Mager v. Crima,* 8 How. 490.

A State has no right to penalize a person for removing from the State, either by fine or tax or the deprivation of any property right based merely on such removal.   *Crandall v. Nevada,* 6 Wall. 36; *Slaughter-House Cases,* 16 Wall. 36; *Chalker v. Birmingham & Northwestern Ry.*

Co., 249 U. S. 522; *Travis* v. *Yale & Towne . ınufactur-
ing Co.,* 252 U. S. 60.

The right of dower is just as fundamental and sub-
stantial as the right of inheritance or succession to prop-
erty; and the States may not discriminate against citizens
of other States in applying laws of dower, inheritance or
succession. Rev. Stats., § 1978; *Magill* v. *Brown,* 16 Fed.
Cas. 408; *Estate of Stanford,* 126 Cal. 112; *Estate of
Mahoney,* 133 Cal. 180; *Estate of Johnson,* 139 Cal. 532.

*Mr. Charles H. Carey* and *Mr. James B. Kerr,* for
appellees, submitted. *Mr. Omar C. Spencer* was also on
the brief.

The statute, adopted in 1854 (now § 10,073, Oreg.
Laws), has been construed in both federal and state courts
of Oregon to the effect that a woman not a resident of
the State is not entitled to dower in the lands therein of
which her husband did not die seized. *Thornburn* v.
*Doscher,* 32 Fed. 810; *Cunningham* v. *Friendly,* 70 Ore.
222; *Woolsey* v. *Draper,* 103 Ore. 103. See also *Pratt* v.
*Tefft,* 14 Mich. 191; *Ligare* v. *Semple,* 32 Mich. 438;
*Bear* v. *Stahl,* 61 Mich. 203; *Bennett* v. *Harms,* 51 Wis.
251; *Ekegren* v. *Marcotte,* 159 Wis. 539; *Atkins* v. *Atkins,*
18 Neb. 474; *Miner* v. *Morgan,* 83 Neb. 400; *Burr* v.
*Finch,* 91 Neb. 417; *Buffington* v. *Grosvenor,* 46 Kans.
730.

The right of a State to define marital property rights as
between residents and nonresidents is directly recognized
in *Conner* v. *Elliott,* 18 How. 591.

There is a just ground for the distinction between resi-
dents and nonresidents in the statute, and therefore § 2,
Art. IV, of the Constitution, does not apply. *La Tourette*
v. *McMaster,* 248 U. S. 465; *Maxwell* v. *Bugbee,* 250 U. S.
525; *Travis* v. *Yale & Towne Mfg. Co.,* 252 U. S. 60;
*Shaffer* v. *Carter,* 252 U. S. 37; *Citizens National Bank* v.
*Durr,* 257 U. S. 99.

The statute of limitations as to the right of a dower claimant as against the husband's grantee in possession would begin to run from the time of the husband's death. *Britt* v. *Gordon,* 11 Am. & Eng. Ann. Cas. 407, and note.

Mr. Justice McKenna delivered the opinion of the court.

By a bill filed in the District Court of the United States for the District of Oregon, appellant asserted a dower right in one-half part of certain land in possession of the Railway Company.

The bill was dismissed on motion of the Railway Company and the Company was awarded judgment for costs. On appeal by the complainant in the suit, the judgment was affirmed. Against the affirmance this appeal is prosecuted.

The law of Oregon provides, " The widow of every deceased person shall be entitled to dower, or the use, during her natural life, of one-half part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof." Lord's Oregon Laws, § 7286.

"A woman being an alien shall not on that account be barred of her dower; and any woman residing out of the state shall be entitled to dower of the lands of her deceased husband lying in this state of which her husband died seised, and the same may be assigned to her, or recovered by her, in like manner as if she and her deceased husband had been residents within the state at the time of his death." § 7306.

Appellant adduces against the validity of § 7306, the provision of § 2 of Article IV of the Constitution of the United States, that " the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States," and the provisions of the Fourteenth Amendment, which declare that no State shall " make or

enforce any law which shall abridge the privileges or immunities of citizens of the United States," or "deprive any person of life, liberty, or property, without due process of law," or "deny to any person within its jurisdiction the equal protection of the laws."

Dower is not a privilege or immunity of citizenship, either state or federal, within the meaning of the provisions relied on. At most it is a right which, while it exists, is attached to the marital contract or relation; and it always has been deemed subject to regulation by each State as respects property within its limits. *Conner* v. *Elliott*, 18 How. 591. Neither § 2 of Article IV nor the Fourteenth Amendment takes from the several States the power to regulate this subject; nor does either make it a privilege or immunity of citizenship. *Maxwell* v. *Bugbee*, 250 U. S. 525, 537, 538, and cases cited; *United States* v. *Wheeler*, 254 U. S. 281, 296.

The further contention based on the Fourteenth Amendment necessarily is, as counsel urge, that dower is "fundamental and substantial"—"a property right, being, while inchoate, a chose in action, of which no citizen of the United States, wherever he [she] may be resident, can be deprived without 'due process of law,' and as to which every person is entitled to the 'equal protection of the laws,' as provided in the Fourteenth Amendment of the Constitution."

The Court of Appeals considered this contention, and it is difficult to add anything to its opinion. It pointed out that the Oregon statute was taken from the laws of Michigan adopted in 1846 and sustained.[1] The example of Michigan was followed in Wisconsin, Kansas and Nebraska and sustained by the courts of those States.[2]

---

[1] *Pratt* v. *Tefft*, 14 Mich. 191; *Ligare* v. *Semple*, 32 Mich. 438; *Bear* v. *Stahl*, 61 Mich. 203.

[2] *Bennett* v. *Harms*, 51 Wis. 251, *Ekegren* v. *Marcotte*, 159 Wis. 539; *Atkins* v. *Atkins*, 18 Neb. 474; *Miner* v. *Morgan*, 83 Neb. 400; *Buffington* v. *Grosvenor*, 46 Kan. 730.

To the decisions of those courts we may add *Thornburn* v. *Doscher*, U. S. Circuit Court for Oregon, 32 Fed. 810, which sustained the Oregon statute as did the Supreme Court of Oregon in *Cunningham* v. *Friendly*, 70 Ore. 222. And we may add also *Richards* v. *Bellingham Bay Land Co.*, 54 Fed. 209, which decided to be legal a like statute of the State of Washington. And Blackstone speaks of dower as having become " a great clog to alienation " and " otherwise inconvenient to families." 1 Washburn on Real Property, 5th ed., 278, in note.

The cases recognize that the limitation of the dower right is to remove an impediment to the transfer of real estate and to assure titles against absent and probably unknown wives. And such is the purpose of the Oregon statute, and the means of executing the purpose appropriate, and a proper exercise of classification. It satisfies, therefore, the constitutional requirement of the equal protection of the laws; and we proceed to the inquiry whether the statute is otherwise valid.

Appellant's contention is that, though she be living in New York, it is her privilege under the Fourteenth Amendment to resist the law of Oregon as a limitation of her dower rights, that is a limitation of rights in property situated in Oregon. The contention might be tenable if the legislature of a State was required to grant dower rights. As repellent of that proposition, the difference the laws of the States exhibit in the rights that attach to the marriage relation may be adduced. The States greatly differ as to what lands are dowable, and as to what claims are paramount to dower, and to some extent, how it will be barred. 4 Kent, p. 35, *et seq.*

The granting of dower, therefore, is a matter of statutory regulation. It was so decided by the United States Circuit Court of Oregon in 1887 (*Thornburn* v. *Doscher*, *supra*), Judge Deady expressing it as follows: " It rests with the legislature to say what interest, if any, married

persons shall have in the property of each other, as an incident of the relation between them. It may give or withhold dower altogether: Or it may for the security of titles, and the protection of innocent purchasers, provide that a nonresident woman whose very existence is probably unknown within the state, and is practically disavowed by the husband, shall not be entitled to dower of lands which he has disposed of without her concurrence or consent, and ostensibly as a single man." The law thus declared has been the law of Oregon for 65 years.

There is a distinction between dower created by the parties and that given by law, and the latter " is believed to be the only kind which ever obtained in this country. " *Randall* v. *Kreiger*, 23 Wall. 137, 148. Expressing the power of the legislature over it, the court said, " during the life of the husband the right is a mere expectancy or possibility. In that condition of things, the law-making power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, or otherwise alter it, or wholly take it away. It is upon the same footing with the expectancy of heirs, apparent or presumptive, before the death of the ancestor. Until that event occurs the law of descent and distribution may be moulded according to the will of the legislature."

The ruling is a deduction or incident of the more general principle expressed in *Kerr* v. *Moon*, 9 Wheat. 565, 570, " that the title to, and the disposition of real property, must be exclusively subject to the laws of the country where it is situated." And this was so considered and the case cited in *Thomas* v. *Woods*, 173 Fed. 585, 593, along with a number of other cases, to sustain the court in the declaration and decision that " the right of dower in real property is determined by the laws of the state in which the property is situated."

From these cases it results, as said by the Circuit Court of Appeals, that " the legislature having this power to give or withhold dower, it follows that it has the power to declare the manner in which the dower right may be barred, or the grounds upon which it may be forfeited, and, if so, it has the right to provide that it may be barred by the wife's nonresidence in the State."

The action of the court affirming the decree of the District Court is

*Affirmed.*