OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Due process of law, Dower and curtesy. *Real Property*, Dower and curtesy. *Husband and Wife*, Dower and curtesy. *Public Policy.*

Proposed legislation restricting as a matter of public policy dower to land owned by a husband at the time of his death and curtesy to land owned by a wife at the time of her death, and subordinating dower or curtesy to encumbrances on land at the time of the owner's death, would not violate any provision of the Federal Constitution or art. 10 of the Declaration of Rights of the Constitution of Massachusetts as applied to inchoate dower or curtesy rights existing prior to the enactment of the proposed legislation.

On June 27, 1958, the Justices submitted the following answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order of the Senate dated June 18, 1958, and transmitted to us on June 20. The order refers to a pending bill, Senate No. 388, entitled "An Act to restrict dower and curtesy claims to land owned at the death of the claimant's spouse."

The bill has three sections. Section 1 seeks to amend by striking out G. L. (Ter. Ed.) c. 189, § 1, and substituting the following: "A husband shall upon the death of his wife hold for his life one third of all land owned by her at the time of her death. Such estate shall be known as his tenancy by curtesy, and the law relative to dower shall be applicable to curtesy. A wife shall, upon the death of her husband, hold her dower at common law in land owned by him at the time of his death. Such estate shall be known as her tenancy by dower. Any encumbrances on land at the time of the

owner's death shall have precedence over curtesy or dower. To be entitled to such curtesy or dower the surviving husband or wife shall file his or her election and claim therefor in the registry of probate within six months after the date of the approval of the bond of the executor or administrator of the deceased, and shall thereupon hold instead of the interest in real property given in section one of chapter one hundred and ninety, curtesy or dower, respectively, otherwise such estate shall be held to be waived. Such curtesy and dower may be assigned by the probate court in the same manner as dower is now assigned, and the tenant by curtesy or dower shall be entitled to the possession and profits of one undivided third of the real estate of the deceased from her or his death until the assignment of curtesy or dower and to all remedies therefor which the heirs of the deceased have in the residue of the estate. Except as preserved herein, dower and curtesy are abolished."

Section 2 reads: "If it should be held that this act cannot constitutionally apply to rights of dower or curtesy as they existed prior to the effective date of this act, it shall nevertheless be fully effective except as to such rights." Section 3 provides that the act shall take effect on January 1, 1959.

The questions are as follows:

"1. Can said pending bill, if enacted into law, constitutionally apply to inchoate rights of dower or curtesy as they existed prior to the effective date thereof under Article X of the Declaration of Rights of the Constitution of Massachusetts, section 10 of Article I of the Constitution of the United States in so far as said section forbids any state to make any law impairing the obligation of contracts, or the Fourteenth Amendment to the Constitution of the United States?

"2. Can said pending bill, if enacted into law, constitutionally empower a person after the effective date thereof to deprive his spouse of such inchoate rights of dower or curtesy of such spouse as were in existence prior to said effective date under Article X of the Declaration of

Rights of the Constitution of Massachusetts, section 10 of Article I of the Constitution of the United States in so far as said section forbids any state to make any law impairing the obligation of contracts, or the Fourteenth Amendment to the Constitution of the United States?"

The order recites that a substantially identical bill, Senate No. 274 of 1956, was referred to the Judicial Council by c. 10 of the Resolves of 1956; and that a majority of the Judicial Council in its thirty-second report in 1956, at pages 24–28, recommended passage but suggested the possibility of an advisory opinion of the Justices. In that report we read that the purpose of the bill "is to reduce the title problems affecting the marketability of land whether by sale or mortgage" (page 25). We there are told that these problems have two chief causes: (1) The omission of a husband or wife to declare an existing marriage and to obtain the signature of the spouse to a deed. (2) The ever growing number of migratory divorces with the attendant doubt as to their validity and the consequent uncertainty as to the legality of remarriage. The result might be described as a conveyancers' nightmare.

Under § 1 as now in effect, curtesy is a life estate of a surviving husband in one third of all land owned by his wife during marriage unless he has joined in a deed of conveyance or "otherwise" released his right to claim curtesy; and dower is a similar life estate of a surviving wife in one third of land owned by the husband. And see G. L. (Ter. Ed.) c. 189, § 1A. Either curtesy or dower may be "otherwise" released by a deed subsequent to the deed of conveyance executed either separately or jointly with the spouse. G. L. (Ter. Ed.) c. 189, § 5. Of course, neither can exist without a valid marriage. By statute neither survives divorce. G. L. c. 208, § 27 (as amended through St. 1949, c. 76, § 2). This, of course, means a valid divorce. During marriage the right to claim curtesy or dower is said to be inchoate. (At common law the phrase was curtesy initiate.) Upon the death of the spouse, or, at any rate, after the later assign-

ment of a specified one third of the land, it is said to be consummate. Curtesy and dower, under § 1 in its present form, are superior to the rights of creditors. It should be noted that nothing like curtesy or dower exists as to personal property, which a husband or wife may dispose of freely without the consent of the spouse. *Redman* v. *Churchill*, 230 Mass. 415, 418. *Eaton* v. *Eaton*, 233 Mass. 351, 370. *Kerwin* v. *Donaghy*, 317 Mass. 559, 571. *National Shawmut Bank* v. *Cumming*, 325 Mass. 457, 461. *Charest* v. *St. Onge*, 332 Mass. 628, 634–635.

That the bill would violate no provision of the Federal Constitution is settled by decisions of the Supreme Court of the United States. In *Randall* v. *Kreiger*, 23 Wall. 137, decided in 1874, it was said, at page 148: "During the life of the husband the right [of dower] is a mere expectancy or possibility. In that condition of things, the lawmaking power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish, or otherwise alter it, or wholly take it away. It is upon the same footing with the expectancy of heirs, apparent or presumptive, before the death of the ancestor. Until that event occurs the law of descent and distribution may be moulded according to the will of the legislature." In *Ferry* v. *Spokane, Portland & Seattle Ry.* 258 U. S. 314, decided in 1922, the court upheld a decision of the Circuit Court of Appeals for the Ninth Circuit, 268 Fed. 117, to the effect that an Oregon statute limiting the right of dower of a nonresident to land of which the husband died seised was not unconstitutional. In the *Ferry* case the Supreme Court of the United States said, at pages 318–319: "Dower is not a privilege or immunity of citizenship, either state or federal, within the meaning of the provisions relied on [§ 2 of art. 4 and the Fourteenth Amendment]. At most it is a right which, while it exists, is attached to the marital contract or relation; and it always has been deemed subject to regulation by each State as respects property within its limits. *Conner* v. *Elliott*, 18 How. 591. . . . The cases recognize that the limitation of the dower

right is to remove an impediment to the transfer of real estate and to assure titles against absent and probably unknown wives."

Turning to art. 10 of the Declaration of Rights of the Constitution of the Commonwealth, we observe in the thirty-second report of the Judicial Council that the doubt as to the validity of the bill springs from statements in several earlier decisions of the Supreme Judicial Court, in none of which, however, was the question before us presented. The question here is whether the bill if enacted would amount to a taking of property without due process of law.

The most recent of these statements was in 1914 in *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, which was a bill in equity to dissolve an attachment on real estate. A statute enacted subsequent to the attachment provided that no attachment should be dissolved upon property which the debtor had alienated before his death. In the course of interpreting the statute as having no retroactive effect, as otherwise unconstitutional, it was said, at page 7, "Although it has been held in some jurisdictions to be within the power of the Legislature to extinguish a wife's right of dower before it has become consummate, yet, whether such decisions are consistent with the law of this Commonwealth by which an inchoate right of dower is recognized as a property right, is open to grave doubt. *Dunn* v. *Sargent*, 101 Mass. 336, 340."

In *Dunn* v. *Sargent*, decided in 1869, it was held that a husband's common law right in his wife's personal property was vested as to a remainder in personal property after a life interest in a third person and could not be taken from him without compensation. At page 340, it was said: "It has indeed been held, by the courts of some states, that a wife's right of dower may be cut off by act of the legislature at any time before it becomes consummate upon the death of the husband. See the cases collected in 2 Scribner on Dower, c. 1. But those decisions proceed upon the theory that such a right is not an interest in property, but a mere possibility, created by law, and not in any sense vested or

assignable until after the husband's death. And it may
well be doubted whether they are consistent with the law of
this Commonwealth, by which an inchoate right of dower
is recognized as something more than a possibility, and as an
interest in property, which equity will under some circum-
stances protect at the suit of the wife in the lifetime of the
husband. *Davis* v. *Wetherell*, 13 Allen, [60,] 63."

In *Davis* v. *Wetherell*, it was held that a wife having an
inchoate right of dower might bring a bill in equity to redeem
land from a mortgage in which she had joined with her
husband to release dower. At pages 62–63, it was said:
"Her inchoate right of dower is a right of a very peculiar
nature. It is a right of which nothing but her death or
voluntary act can deprive her, and so it is something more
than a mere possibility. Ordinary statutes of limitation
do not run against it, so that adverse possession as against
her husband will not deprive her of it. And although she
cannot convey or alienate it, except by joining in a deed
with her husband to release it, and cannot protect it from
waste, and it is not liable to be taken by legal process, yet
her husband cannot bar or incumber it. As was said by
Chief Justice Parker in *Bullard* v. *Briggs*, 7 Pick. 533, it
is 'a valuable interest, which is frequently the subject of
contract and bargain. . . . It is more than a possibility,
and may well be denominated a contingent interest.' In
that case it was held that where a wife joined with her
husband in releasing her dower to a mortgagee, and the
husband, in consideration of such release, conveyed the
equity of redemption to a trustee for her benefit, the con-
veyance could not be avoided by his creditors, if the value
of the dower was equal to that of the equity conveyed."

The question is not whether the right to claim curtesy or
dower may be protected in certain circumstances, but
whether it is a right protected by art. 10 of the Declaration
of Rights. The right is contingent, and not vested. *Fitcher*
v. *Griffiths*, 216 Mass. 174, 175. It is not based on contract
but arises by operation of law. *Conant* v. *Little*, 1 Pick. 189,
191. It was said to be "subject to any incident attached

to it by law" in *Flynn* v. *Flynn*, 171 Mass. 312, 315, where the holding was that a wife was not entitled to any interest in the proceeds of a taking by eminent domain of real estate of her husband in which she had an inchoate right of dower. In *Pitts* v. *Aldrich*, 11 Allen, 39, it was held that a wife need not be made a party to a suit against her husband to foreclose a mortgage on real estate in which she had an inchoate interest.     In *Newhall* v. *Lynn Five Cents Sav. Bank*, 101 Mass. 428, a wife was held to have no rights as against her husband or his assignees in the proceeds of a sale of real estate by a mortgagee for breach of condition.    See *Forte* v. *Caruso*, 336 Mass. 476, 481–482.

Dower and curtesy are of much less importance than formerly.   This diminution in value is due to the great increase in the amount of personal property and in the superior alternative rights in the estate of a deceased husband or wife accorded by statute to a surviving spouse.    The thirty-second report of the Judicial Council points to St. 1854, c. 406, as a source of such rights.    These rights have been gradually increased by legislation.    As appears from G. L. (Ter. Ed.) c. 189, § 1, and as preserved in the proposed amendment in the bill, "To be entitled to such curtesy or dower the surviving husband or wife shall file his or her election and claim therefor in the registry of probate within six months after the date of the approval of the bond of the executor or administrator of the deceased, and shall thereupon hold instead of the interest in real property given in section one of chapter one hundred and ninety, curtesy or dower, respectively, otherwise such estate shall be held to be waived."   This requirement of affirmative action to avoid waiver is a recognition of the greater value of the alternative rights given a surviving husband or wife by G. L. (Ter. Ed.) c. 190, § 1, and greatly enhanced by St. 1945, c. 238, and St. 1956, c. 316.   See *Seavey* v. *O'Brien*, 307 Mass. 33; Swaim, Crocker's Notes on Common Forms (7th ed.) § 893.

According to the thirty-second report of the Judicial Council claims of dower or curtesy in this Commonwealth

have almost ceased to be made; and, in fact, a claim of neither is advisable except under two special circumstances: "(1) if the deceased owned real estate, but died insolvent or so nearly so that the bulk of the real estate must be sold to pay the debts and expenses; and (2) if the deceased during his or her lifetime conveyed a considerable amount of real estate without procuring a release of curtesy or dower in the deed." Newhall, Settlement of Estates (4th ed.) § 213. It may be noted that statutory changes in dower as a common law incident of marriage have been made in this Commonwealth without making an exception of existing marriages. See 40 Mass. L. Q. No. 4, p. 36.

We are not surprised to learn that dower and curtesy either no longer exist or are of little practical importance in more than half the States. Powell, Real Property, §§ 217–218. Scurlock, Retroactive Legislation Affecting Interests in Land, p. 295 et seq. Tiffany, Law of Real Property (3d ed.) §§ 551, 575. Vernier, American Family Laws, §§ 167, 188–191. See Thompson, Real Property, §§ 809–810; Am. Law of Property, §§ 5.31, 5.38, 5.42; Haskins, The Estate by the Marital Right, 97 U. of P. L. Rev. 345, 352–353. For a historical statement as to both see Swaim, Crocker's Notes on Common Forms (7th ed.) §§ 1005, 1007.

The weight of authority in the United States gives support to the Legislature's power to make the changes proposed by the pending bill in the incidents of the present statutory curtesy under G. L. (Ter. Ed.) c. 189, § 1, limited as they are to a life estate arising only upon the death of the wife and subject to the election of the husband if he survives. *McNeer* v. *McNeer*, 142 Ill. 388, 394, 396–401 (as to curtesy modified by statute to a contingency upon the death of the wife). *Hill* v. *Chambers*, 30 Mich. 422, 426–427. *Duncan* v. *Duncan*, 324 Mo. 167, 171–172. *Moninger* v. *Ritner*, 104 Pa. 298, 301–302 (act protecting abandoned wife against necessity of husband joining in conveyance). *Scaife* v. *McKee*, 298 Pa. 33, 40–41, app. dism. 281 U. S. 771. *Day* v. *Burgess*, 139 Tenn. 559, 564–571. Compare *Walker* v.

*Bennett,* 107 N. J. Eq. 151, 152–153; *Schmidt* v. *Gardner,*
120 N. J. Eq. 235, 238; *Anastasia* v. *Anastasia,* 138 N. J. Eq.
260, 263. Compare also *Jackson* v. *Jackson,* 144 Ill. 274,
281–283 (common law curtesy); *Mitchell* v. *Violett,* 104 Ky.
77, 81–82 (substantially common law curtesy slightly modi-
fied by statute).

With respect to dower, an interest for the protection of
which some courts have shown less solicitude than for
curtesy, although certain New Jersey cases and some older
cases in other jurisdictions are to the contrary, the decided
cases uphold the validity of the proposed changes. *Fletcher*
v. *Felker,* 97 F. Supp. 755, 763 (W. D. Ark.). *Boyd* v.
*Harrison,* 36 Ala. 533, 537–539. *Skelly Oil Co.* v. *Murphy,*
180 Ark. 1023. *Adams* v. *Adams,* 147 Fla. 267, 271–272,
app. dism. sub. nom. *O'Keefe* v. *Adams,* 314 U. S. 572.
*Steinhagen* v. *Trull,* 320 Ill. 382, 386–388. *May* v. *Fletcher,*
40 Ind. 575, 580. *Sturdevant* v. *Norris,* 30 Iowa, 65, 70–71.
*Buffington* v. *Grosvenor,* 46 Kans. 730, 734–738. *Barbour* v.
*Barbour,* 46 Maine, 9, 13. *Magee* v. *Young,* 40 Miss. 164,
170–171. *In re Lawrence,* 1 Redf. Surr. (N. Y.) 310, 319–320.
*Reeves* v. *Haynes,* 88 N. C. 310, 311. *Ruby* v. *Ruby,* 112
W. Va. 62, 64–66. *Bennett* v. *Farms,* 51 Wis. 251, 260–261.
20 A. L. R. 1330. See *Trustees of Schools of Township No. 1*
v. *Batdorf,* 6 Ill. 2d 486, 491–493 (right of reverter); Scur-
lock, Retroactive Legislation Affecting Interests in Land,
pp. 273–300; Powell, Real Property, § 219. Compare
*In re Alexander,* 8 Dick. (N. J.) 96, 99–101.

In the light of the shrinking significance of curtesy or
dower as alternatives which must be elected by a surviving
husband or wife in the estate of a deceased spouse, we cannot
regard the statements quoted from our cases as precluding
inchoate curtesy and inchoate dower from being viewed in
this Commonwealth in the same way as in a majority of the
States. We are of opinion that as a matter of public policy
the Legislature can restrict them in the manner proposed.
Let it be conceded that each is a valuable interest and more
than a possibility. Yet each is only a contingency — a con-
tingency of waning value — which in the usual estate today

is of slight importance. We think that inchoate curtesy and inchoate dower, as contingencies before the death of the predeceasing spouse, are subject to action by the Legislature, which may make an evaluation in the public interest, and determine that any slight advantage in their retention in a relatively few cases is outweighed by the far greater benefit to the general good accruing from their restriction.

To question 1, we answer, "Yes."

Believing that this answer covers all that is intended to be asked by question 2, we respectfully request that we be excused from making a separate answer to question 2.

RAYMOND S. WILKINS.
JAMES J. RONAN.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, JR.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.