## MORGAN v MORGAN et

Common Pleas Court, Hamilton Co.

Decided May 28, 1936.

John P. Strother, Cincinnati; Arthur L. Chambers, Cincinnati, for plaintiff.

H. N. Morgan, Kansas City, Mo., for Sallie Morgan.

## OPINION

By GORMAN, J.

This is an action in partition, and the matter before the court is presented upon the pleadings and an agreed statement of facts.

Harper N. Morgan was married to Sallie Morgan on January 30, 1897. She obtained a divorce from him on March 9, 1927 in Kansas City, in the Circuit Court of Jackson County, Missouri. The divorce was awarded Sallie Morgan by reason of the husband's aggressions.

Subsequently Harper N. Morgan married the plaintiff, Emma Hughes Morgan. He died on July 9, 1933, and by will devised his interest in the property the subject of partition to her.

The premises in question were acquired by deed, by John N. Morgan and Almaretta Morgan on July 10, 1924. On January 15, 1925 John N. Morgan died intestate, leaving two sons, Otto L. Morgan and Harper N. Morgan. On May 23, 1927 by deed Almaretta Morgan conveyed an undivided one-half interest in the premises to Otto L. Morgan and Harper N. Morgan as tenants in common, reserving unto herself a life estate in the one-half interest. On May 30, 1927, Almaretta Morgan died, which placed the title in fee simple in Otto L. Morgan and Harper N. Morgan as tenants in common.

It will be noticed that at the time Sallie Morgan was awarded a divorce Harper N. Morgan was the owner of an undivided one-fourth interest, subject to the dower interest therein of Almaretta Morgan in the premises. He did not acquire a full and complete undivided one-half interest until the death of Almaretta Morgan on May 30, 1927.

The first wife of Harper N. Morgan deceased, claims a dower interest in these premises. This is resisted by the second wife, who contends that the provisions of the statutes pertaining to dower were repealed, effective January 1, 1932.

The problems presented by this situation are not altogether simple ones. The divorce was granted in Missouri, and the lands were situated in Ohio.

## 52

The divorce decree is silent as to the dower rights of Sallie Morgan.

The property being situated here, her rights if any, must be determined by the laws of Ohio. **McGill v Deming, 44 Oh St 645.**

At the time of the divorce our laws provided that a widow or widower was endowed of an estate for life of one-third of the real property of the deceased consort. (See former §8606, GC).

Under the provisions of §11991, GC, as they existed on March 9, 1927, if the divorce was granted because of the aggressions of the husband, the wife was "entitled to her right of dower in his real estate not allowed to her as alimony of which he was seized during the coverture, and in which she had not relinquished her right of dower".

By virtue of these provisions, a wife who obtained a divorce because of her husband's aggressions, was entitled to dower in his property even though at the time of his death she was not his widow. **Arnold v Donaldson, 46 Oh St 73; Kundert v Kundert, 24 Oh Ap 342.** Even if she or he remarried, she retained this interest, and could enforce it by cross-petition in a partition action. **Lamkin v Knapp, 20 Oh St 454; McGill v Deming, supra.**

She, however, was only entitled to dower in the lands in which he was seized during coverture, and she did not have any interest whatsoever in lands acquired by him subsequent to the divorce. **Spaulding v Spaulding, 11 Oh Ap 143.**

Therefore, if the old law were in effect Sallie Morgan would have been entitled to dower in the one-fourth interest owned by Harper N. Morgan on March 9, 1927, subject to the inchoate dower interest of his mother, Almaretta Morgan. Her rights could not be enlarged by any acquisitions made thereafter, inasmuch as such **seisin** would not occur during coverture.

On January 1, 1932, the new Ohio Probate Code became effective. It provided among other things that "all dower interest shall terminate and be barred upon the granting of an abso-

lute divorce in favor of or against such spouse by a court of competent jurisdiction within or without this state". (§10502-1, GC).

Sec. 8606 GC, was repealed, and while dower was considered a one-third interest for life, it would be barred upon death. The provisions of §11991, GC were also modified.

Now did this provision barring dower upon the granting of a divorce affect Sallie Morgan's interests? Nothing is said in the code as to whether or not it should apply to persons who had previously obtained decrees.

Sallie Morgan had an inchoate dower right in the undivided one-fourth interest of Harper N. Morgan in the premises, from the time of the divorce up until January 1, 1932. Had he attempted to convey this interest, she would have had to join in the execution of the deed.

The enactment of §10502-1, GC did not change that status during the life time of Harper N. Morgan inasmuch as the rights of inchoate dower were preserved unless the provision in regard to barring dower by divorce is considered.

It is not necessary for us to consider whether Sallie Morgan's inchoate dower right continued throughout the life time of Harper N. Morgan or not. Morgan is now dead. The statute says that "all such dower interest shall terminate and be barred upon the death of the consort", with certain exceptions. These exceptions are that if a conveyance or mortgage was made without her having relinquished her rights, she is not barred. The statute then provides that in lieu of dower "a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution".

Sallie Morgan was not a surviving spouse. She had long since been divorced. Her only rights can arise if it is contended that the dower rights she obtained are considered vested, which could not be taken from her by the passing of the statute that dower ceased with the death of the consort.

Inchoate dower is not an estate. It is not a lien upon the husband's lands. It is something more than a mere naked possibility. It is a right or interest in his lands of value, contingent upon survivorship. See McArthur v Franklin, 16 Oh St 193; Rosenthal v Hayhugh, 33 Oh St 155; Jewett v Feldheiser, 68 Oh St 523.

In Randall v Krieger, 23 Wall, 137, the court said:

"During the life of the husband the right is a mere expectancy or possibility. In that condition of things, the law-making power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish or otherwise alter it, or wholly take it away.

It is upon the same footing with the expectancy of heirs, apparent or presumptive, before the death of the ancestor. Until that event occurs, the law of descent and distribution may be molded according to the will of the legislature."

In Ferry v Spokane, Portland and Seattle Ry. Co., 258 U. S. 314, the Supreme Court of the United States held there was no vested right in dower, and that the legislature could bar those it saw fit without violating the due process clause. In the states by the great weight of authority a wife's right of dower may be enlarged, abridged or abolished at any time before the husband's death. 20 A.L.R., 1330.

Under such circumstances if we concede that Sallie Morgan had an inchoate right of dower in Harper N. Morgan's property during his lifetime, the statute now provides such rights were barred upon his death, and such an enactment is a valid exercise of legislative power.

Sallie Morgan is not entitled to any interest in the premises in question, and a decree may be presented accordingly.