PETITION FOR REVOCATION OF A DECREE FOR ADOPTION
OF A MINOR.

Worcester. February 9, 1966. — February 16, 1966.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Adoption. Probate Court,* Notice, Adoption proceeding, Revocation of decree.

That an adopted girl "began to show traits which did not appeal to her adoptive parents . . . [and] became . . . difficult to manage," that the occurrence of a "most unfortunate incident" led to a refusal by the adoptive parents "to take her back into their home" and her commitment to a school by a court, and that in the proceeding for adoption the last publication of the citation was less than seven days before the return day and did not comply with G. L. c. 210, § 4, and the terms of the citation did not show any adequate ground for allowing a petition, filed by the adoptive parents nearly seven years after the decree of adoption, for revocation of that decree, and the petition for revocation was properly dismissed by the Probate Court.

PETITION filed in the Probate Court for the county of Worcester on October 24, 1962, for revocation of a decree of adoption.

The petitioners appealed from a decree by *Wahlstrom,* J., dismissing the petition.

*Jack Ela Tracy* for the petitioners.

*John F. Lombard* for Lloyd Anderson, guardian ad litem.

WILKINS, C.J. On December 20, 1955, by decree of the Probate Court for Worcester County the petitioners were

350 Mass. 302                                    303

Petition for Revocation of a Decree for Adoption of a Minor.

granted leave to adopt the minor, a female child born in Worcester on March 11, 1946, and her name was changed to that of the petitioners. The father consented in writing. The mother had abandoned the child in January, 1952, and her whereabouts were unknown. The child, since September 16, 1952, had been under the guardianship of a minister who was executive director of the Lutheran Social Service, Inc., of Avon, which sponsored the adoption. She had been in the petitioners' home in Connecticut since November 25, 1953, with full care and support provided by them. The petition was prepared by the guardian, who was appointed for the purpose of placing the child for adoption in this particular home, and it was he who arranged for the publication of the citation.

On October 24, 1962, the petitioners filed this petition for revocation of the decree. Two grounds were alleged: (1) There was no compliance with the citation which called for publication in a newspaper in a town in Worcester County for three successive weeks, the last publication to be seven days at least before the return day, which was November 29, 1955, and by mailing postpaid a copy, fourteen days at least before the return day, to each person who could not be found at his or her last known address. The return of the citation showed publication on November 11, 18, and 25, and no service by mailing. (2) There was no notice to the mother. The decree of adoption stated, "it appearing that the notice has been given as ordered."

On the petition for revocation a guardian ad litem for the minor was appointed. He filed a report refusing to assent. A decree was entered dismissing the petition, and the petitioners appealed. The judge filed a report of the material facts found by him.

Two reasons for filing of the petition for revocation were found by the judge: (1) That the adoptive mother "who is a person of high and rigid standards tried to foist her exacting standards on her adoptive daughter and was inclined to preach to her. The child resented this and began to show traits which did not appeal to her adoptive parents.

She became somewhat defiant and independent and difficult to manage." (2) A "most unfortunate incident occurred." The child while out walking was "picked up" by a man who drove a truck. He raped her and dropped her in front of a mental institution. She was taken into the institution. On October 8, 1959, shortly after this incident she was committed by a juvenile court to a school, "the adoptive parents having refused to take her back into their home."

These reasons do not commend themselves to us as sound grounds for repudiating an adoption of nearly seven years' standing. Adoption should create a for better, for worse situation. The petitioners contend that the petition for revocation should have been granted because of G. L. c. 210, § 4 (as amended through St. 1953, c. 593, § 2), which provides in pertinent part: "If the written consent required by sections two and three is not submitted to the court with the petition, the court shall . . . order notice . . . by publication of said order of notice once in each of three successive weeks in such newspaper as the court orders, the last publication to be seven days at least before the time appointed for the hearing . . . ." It is true that statutes "relating to adoption are in alteration of the common law and must be strictly followed in all essential particulars." *Purinton* v. *Jamrock,* 195 Mass. 187, 197. It has also been said, "Compliance with the provision of [c. 210,] § 2, for notice to the guardian of the child, if any, was essential to the authority of the court to grant the adoption." *Zalis* v. *Ksypka,* 315 Mass. 479, 482. There is a vast difference, however, between failure to give notice to the guardian of the child to be adopted, as in the case last cited, and the present belated effort by the petitioners for adoption to rely upon a careless failure to observe the requirements of publication on their own petition under a statute which is in no respect for their protection. We are of opinion that jurisdiction of the court did not depend on literal compliance with § 4. The judge's ruling was right. The circumstances did not justify the withdrawal from the relationship by the adoptive parents upon the flimsy pretext alleged.

The absence of notice to the mother is sufficiently covered by the provision of G. L. c. 210, § 3 (as amended through St. 1955, c. 89), dispensing with consent of a person, including a parent, who has "wilfully deserted or neglected to provide proper care and maintenance for such child for one year last preceding the date of the petition."

*Decree affirmed.*