DAVID C. KATZ vs. SOPHIA KORONCHIK & others.
(and two companion cases[1]).

Berkshire.  September 17, 1975. — December 1, 1975.

Present: TAURO, C.J., REARDON, HENNESSEY, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Adoption. Devise and Legacy*, Adopted child.  *Statute*, Retroactive.

The provision of St. 1967, c. 114, amending G. L. c. 210, § 7, that "[a] person shall by adoption lose his right to inherit from his natural parents or kindred" applied to preclude a person adopted in 1966 when c. 210, § 7, provided that "[a] person shall not by adoption lose his right to inherit from his natural parents or kindred" from inheriting from a natural relative who died intestate in 1973. [126-129]

Two PETITIONS filed in the Probate Court for the county of Berkshire on June 13, 1973, and July 17, 1973, respectively.

BILL IN EQUITY filed in the Probate Court for the county of Berkshire on September 10, 1973.

The proceedings were heard by *Nuciforo*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Clement A. Ferris* for the respondents.

*David C. Katz,* pro se.

WILKINS, J.   This case poses the question whether St. 1967, c. 114, amending G. L. c. 210, § 7, to preclude an adopted child from inheriting property of his intestate

---

[1] The three proceedings are:  (1) a petition for administration of the estate of Nellie Krasiewich filed by Sophia Koronchik, daughter of Anna Koronchik, (2) a petition for administration of the same estate filed by Mr. David C. Katz, counsel for Andre Tremblay, and (3) a bill in equity by Mr. Katz seeking various relief against Anna Koronchik and Sophia Koronchik.

natural kindred, applies to a person adopted before that amendment went into effect. We conclude that G. L. c. 210, § 7, as amended in 1967, applies to a previously adopted child and that such an adopted child may not inherit from a natural relative who died after 1967.

When Andre Tremblay (Andre) was adopted on March 25, 1966, he was entitled to inherit as an intestate heir from or through a natural parent. See G. L. c. 210, § 7, as then most recently amended by St. 1965, c. 252, which provided that a "person shall *not* by adoption lose his right to inherit from his natural parents or kindred" (emphasis supplied). In 1967, G. L. c. 210, § 7, was amended by deleting the word "not" in the phrase quoted above so that an adopted child would lose his right to inherit from his natural parents or kindred. St. 1967, c. 114. In 1973, a sister of Andre's deceased natural father died intestate. The question is whether Andre, who would be her sole heir at law but for the adoption, may inherit from his natural aunt. If not, the respondent Anna Koronchik, a cousin of the deceased aunt, will take as her only heir at law. Put in other words, the question is whether the 1967 amendment of G. L. c. 210, § 7, applies only to persons adopted on and after its effective date so as to bar only that class of adopted persons from inheriting from natural parents and kindred.

The judge ruled that the statute as amended in 1967 did not bar Andre from inheriting from his natural aunt. He "dismissed" a decree which had granted administration of the aunt's estate to the daughter of her cousin Anna Koronchik; allowed the appointment of counsel for Andre as administrator of the aunt's estate; and, in the equity proceeding brought on Andre's behalf, directed, among other things, that the daughter of Anna Koronchik turn over all assets of the aunt's estate to Andre's attorney as administrator. Sophia Koronchik and her daughter have appealed in all three proceedings, and we transferred the appeals here from the Appeals Court. We reverse the various decrees because we conclude that

G. L. c. 210, § 7, as amended on the date of the natural aunt's death in 1973, bars Andre from inheriting from her.

The application of the 1967 amendment of § 7 to prospective, intestate inheritances by persons previously adopted raises no significant constitutional question. Much of the Justices' reasoning in approval of the constitutionality of proposed legislative restrictions on inchoate dower and inchoate curtesy expressed in *Opinion of the Justices*, 337 Mass. 786 (1958), is applicable as well to an adopted child's expectancy or possibility of inheritance from natural kindred. Of course, the waning value of inchoate rights of dower and curtesy influenced the Justices in reaching their conclusion. See *Billings* v. *Fowler*, 361 Mass. 230, 240 n. 8 (1972). However, in measuring the value of the interest affected by the statute involved here, we note that Andre's expectancy of intestate inheritence from his natural aunt was most uncertain at the time of his adoption. He would inherit from her by intestate succession (1) if he survived her, (2) if his father did not survive her, (3) if no other person having a closer kinship relationship to his natural aunt was alive at her death, (4) if she had a net estate of any value, and (5) if she did not leave a valid will. An adopted child's possibility of inheritance from his natural kindred hardly is an interest of such substance as to be entitled to constitutional protection (cf. *Billings* v. *Fowler, supra* at 239), particularly where the adopted child has in substitution a new set of expectancies. The ultimate question, therefore, is what did the Legislature intend by its 1967 amendment of § 7.

The provision in § 7 that "[a] person shall by adoption lose his right to inherit from his natural parents or kindred . . . ." seems to be applicable to a person who has been adopted as well as one who will be adopted. The heading of the 1967 act, to which we may look for help in resolving any ambiguity in its text (see *Commonwealth* v. *Jarrett*, 359 Mass. 491, 495 n.5 [1971]), states in part

that it is an act "providing that an adopted person shall not inherit from his natural parents or kindred." St. 1967, c. 114. This unlimited declaration confirms our view that § 7 should be interpreted to apply to all adopted persons, whenever adopted. Because the purpose of the 1967 amendment seems clear, we do not accept Andre's argument that the language remaining after the deletion of the crucial word "not" should be analyzed closely to discern a legislative intention to affect only subsequent adoptions.[2]

The result we reach is the same as that reached generally in other States under statutes concerned with rights of inheritance with respect to adopted children, where the statute was not explicit as to its applicability to adoptions concluded prior to its effectiveness. See, e.g., *Scott* v. *Scott*, 238 Ind. 474, 478-479 (1958); *Arciero* v. *Hager*, 397 S.W. 2d 50, 52-53 (Ky. 1965); *Williams, Appellant*, 154 Me. 88, 91-94 (1958); *In the Matter of Holibaugh*, 18 N.J. 229, 234-236 (1955); *In re Estate of Millward*, 166 Ohio St. 243, 245-247 (1957). See also 7 R. Powell, Real Property par. 1007 (at 708.1-708.2) (P. Rohan ed. 1974). Contra, *Nickell* v. *Gall*, 49 N.J. 186 (1967).

The view we take puts all adopted children in the same position as natural children. This seems to be the ultimate legislative purpose of various statutory changes since 1957 altering the rights of adopted children. See St. 1958, c. 121; St. 1965, c. 252; St. 1967, c. 114; St. 1969, c. 27; St. 1970, c. 462; St. 1971, c. 411. This

---

[2] Our opinions often have assumed without discussion that a statute affecting the rights of adopted children may apply to persons adopted prior to the effective date of the statute and have involved contests over the applicability, if any, of such a statute to wills or trusts executed prior to the statute. See, e.g., *Davis* v. *Hannam, ante,* 26 (1975); *State St. Bank & Trust Co.* v. *D'Amario,* 368 Mass. 542 (1975); *Boston Safe Deposit & Trust Co.* v. *Dean,* 361 Mass. 244 (1972); *Boston Safe Deposit & Trust Co.* v. *Fleming,* 361 Mass. 172, 174-176 (1972); *Perkins* v. *New England Trust Co.,* 344 Mass. 287, 294 (1962).

result also assures equal treatment of adopted children within a family unit.  See *Conville* v. *Bakke,* 400 P.2d 179, 192-193 (Okla. 1964).

*Decrees reversed.*