391 So.2d 779 (1980)
Estate of Victor G. HUSKEA, Victor J. Huskea, Victor J. Huska, Conservator of Estate of Rudolph Huska, Incompetent, Marcia Charity, Rose Smith, Zena Hirchak, Phyllis Bechtel, Emma Ellis, Matilda Jenkins, Lois Lucas, Mark Troughton, John Huska, Paul Lanko, William Lanko, Debra Miller and Sandra Emigh, Appellants,
v.
Paul DOODY, Appellee.
No. 79-2384.
District Court of Appeal of Florida, Fourth District.
December 31, 1980.
*780 Larry Klein, West Palm Beach, for appellants.
Joe N. Unger of Law Offices of Joe N. Unger, P.A., Miami, for appellee.
GLICKSTEIN, Judge.
The personal representative of the estate of Victor G. Huskea filed in the probate court a petition for determination of beneficiaries of the estate. The petition alleged, and the probate court found, that the decedent was survived by a natural son, Paul Doody, who was adopted by Daniel J. Doody at the age of four. Other pleadings in the record reflect that the decedent was also survived by fifteen cousins.
In its order determining heirs the probate court made the following findings:
1. Decedent, VICTOR G. HUSKEA, died intestate on March 9, 1977, leaving no surviving spouse.
2. At the time of decedent's death, he was survived by his natural son, PAUL DOODY. PAUL DOODY was born in Massachusetts on March 15, 1937, and adopted in Massachusetts in 1941 by his stepfather, DANIEL J. DOODY.
3. At the time of the birth and adoption of PAUL DOODY, the laws of both Massachusetts and Florida expressly provided that an adopted child was entitled to inherit as an intestate heir from a natural parent.
4. Despite a later change in both the Massachusetts and Florida statutes, both of which occurred prior to the death of VICTOR HUSKEA on March 9, 1977, this Court finds that since (1) statutes of descent and distribution ordinarily place emphasis upon kinship as established by blood, (2) a statute which interrupts the natural course of descent of property should be strictly construed, and (3) it is well settled that a statute should not be given retrospective application unless the intent to do so is clear, PAUL DOODY is entitled to inherit the estate of his natural father. See In re Levy's Estate, 141 So.2d 803 (Fla. 2d DCA 1962).
Based on those findings, the probate court determined that Paul Doody was the sole heir of his natural father's estate. We reverse.
Our basic disagreement with the probate court is in its conclusion that to find against the natural son would require a retrospective application of Section 732.108(1), Florida Statutes (1979), which was in effect on the date of death of Paul's natural father in 1977. The statute provides:
For the purpose of intestate succession by or from an adopted person, the adopted person is a lineal descendant of the adopting parent and is one of the natural kindred of all members of the adopting parent's family, and he is not a lineal descendant of his natural parents, nor is he one of the kindred of any member of his natural parent's family or any prior adoptive parent's family, ... (Emphasis added)
The decedent's death is the event which vests an heir's right to intestate property. Section 732.101(2), Florida Statutes (1979). See also In re Ruff's Estate, 159 Fla. 777, 782, 32 So.2d 840, 843 (1947), wherein the court said:
The right of a child to inherit property through its father does not commence until after the death of the father and consequently all such rights will be governed by the statutes then existing.
Until the natural father died, the natural son had had only an expectancy or prospect of inheritance;[1] he was an heir apparent. Consequently, any legislation prior to the death of the father did not divest any rights to intestate succession since none were vested at that time. Retrospective application of Section 732.108(1) would have occurred only if the date of death had been prior to the effective date of the statute. In such instance the mere expectancy interest would have vested at the time of the decedent's death, and any subsequently enacted statute adversely affecting that vested interest would be constitutionally infirm.
*781 There is no decision in Florida directly on point. Nonetheless, the majority of those states that have considered the matter support our conclusion that the legislation in effect at the time of the decedent's death governs, not the legislation in effect at the time of adoption. One such case, Katz v. Koronchik, 369 Mass. 125, 338 N.E.2d 339 (1975), pointed out that at the time of adoption, an adopted child's expectancy of intestate inheritance from his natural parent was most uncertain.
As [sic] adopted child's possibility of inheritance from his natural kindred hardly is an interest of such substance as to be entitled to constitutional protection (cf. Billings v. Fowler, supra [361 Mass. 230] 239, 279 N.E.2d 906), particularly where the adopted child has in substitution a new set of expectancies.
Id. at 338 N.E.2d 340.
In applying the law in existence at the time of the decedent's death, the Massachusetts court noted:
The result we reach is the same as that reached generally in other States under statutes concerned with rights of inheritance with respect to adopted children, where the statute was not explicit as to its applicability to adoptions concluded prior to its effectiveness. See, e.g., Scott v. Scott, 238 Ind. 474, 478-479, 150 N.E.2d 740 (1958); Arciero v. Hager, 397 S.W.2d 50, 52-53 (Ky. 1965); Williams, Appellant, 154 Me. 88, 91-94, 144 A.2d 116 (1958); In the Matter of Holibaugh, 18 N.J. 229, 234-236, 113 A.2d 654 (1955); In re Estate of Millward, 166 Ohio St. 243, 245-247, 141 N.E.2d 462 (1957). See also R. Powell, Real Property § 1007 (at 708.1-708.2) (P. Rohan ed. 1974). Contra, Nickell v. Gall, 49 N.J. 186, 229 A.2d 511 (1967).
Id. at 338 N.E.2d 341.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
DOWNEY, J., and FUTCH, M. DANIEL, Jr., Associate Judge, concur.
NOTES
[1] Such expectancy was dependent upon (1) the child's survival of the parent, (2) the non-existence of any will, and (3) the absence of others having a similar or superior relationship to the decedent.