## FIRST UNITED SMALL BUSINESS INVESTMENT COMPANY, INC.
### vs.
## PRICE-RITE DISCOUNT FOODS
### Paul C. APERINIO, Jr. and Angelo M. D'ACCHIOLI

### No. 259

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**February 10, 1981**

Richard P. Branson, Diane Graff for the plaintiff.

Robert W. Smith, Bernard Healey for the defendant (D'Acchioli).

Robert A. Bianchi for the defendant (Aperinio).

Present: Lee, P.J. Welsh, J. and Black, J.

### OPINION

**BLACK, J.** This is an action of tort in which the plaintiff seeks to recover from the defendant, Price-Rite Discount Foods, Inc., a corporation duly organized under the laws of Massachusetts, having its principal place of business at 135 Will Drive, Canton, Massachusetts, and its two principal officers, the defendants, Paul C. Aperinio, Jr., and Angelo M. D'Acchioli. The original complaint alleges that on or about January 13, 1977, **Price-Rite Discount Foods, Inc.** executed a promissory note and agreed to pay the plaintiff on order the sum of $8,000.00 with interest on the unpaid balance at the rate of 12% per annum. As collateral for said note, Price-Rite Discount Foods, Inc. granted the plaintiff a mortgage and security agreement on certain chattel property located at 540 Manton Street, Providence, Rhode Island. The plaintiff alleged that the defendants had knowingly and falsely represented that Price-Rite Discount Foods, Inc. was the owner of the said property, and that the plaintiff relied thereon, the result being that plaintiff was unable to perfect its security interest in the property upon default of the promissory note.

The complaint was subsequently amended to specify **inter alia** that the defendant D'Acchioli wrongfully sold the mortgaged inventory, and that by reason of said sale the plaintiff was unable to perfect the chattel mortgage.

The defendant Price-Rite Discount Foods, Inc. did not answer the plaintiff's complaint. In his answer, the defendant D'Acchioli denied having made any representations and further denied that the equipment was not owned by Price-Rite Discount Foods, Inc. The court found for the plaintiff against the defendant D'Acchioli, in the sum of $5,000.00. The plaintiff made several requests for findings of fact and rulings of law, and the court made findings with respect

thereto. The defendant D'Acchioli made a motion for directed verdict, both at the conclusion of the plaintiff's case and again at the end of the trial. Both requests were denied. Thereafter, the defendant D'Acchioli moved for an amendment of the findings, or in the alternative a new trial. That motion was denied after hearing.

From the record, there is no indication that the defendant D'Acchioli filed any requests for rulings with the trial court. It is well established that failure to make a timely request for rulings pursuant to Rule 64(b), Dist./Mun. Cts. R. Civ. P., precludes that party from taking an appeal from the court's decision, inasmuch as there is no question of law to be reviewed. See, Reid v. Doherty, 273 Mass. 388 (1930); Massachusetts General Hospital v. City of Quincy, rescript opinion, 348 Mass. 791 (1965); Carlsberg Printers, Inc. v. Shields, 56 Mass. App. Dec. 131 (1975); Wing v. Liziewski, 59 Mass. App. Dec. 30 (1976); and Blake v. Seavey, 1979 App. Div. Adv. Sh. 425.

It appears that the defendant D'Acchioli's appeal is, as a matter of law, predicated primarily upon the grounds that the pleadings do not afford a basis upon which the trial court could have entered a finding against him for conversion. A review of the record leads us to the conclusion that the trial judge's findings of fact and conclusions of law totally support a judgment based upon the tort of conversion. Furthermore, we believe that the amended complaint clearly sets forth all of the essential elements of conversion. Under Massachusetts law, a complaint is not defective because of an inaccurately pleaded legal theory. As long as the complaint alleges facts which would support a claim under any other theory, the complaint is sufficient. See, Nader v. Citron, 372 Mass. 96 (1977). We perceive no reversible error in this case.

Accordingly, this appeal is dismissed.

Edward A. Lee, P.J.
Charles E. Black, J.