PETITION FOR REVOCATION OF A JUDGMENT FOR ADOPTION
OF A MINOR.

Suffolk.  October 1, 1984. — December 19, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.

*Adoption*, Revocation. *Notice*.

In a proceeding on a grandmother's petition for revocation of a judgment of
    adoption of her minor grandchild by foster parents, the record supported
    the judge's determination that it was not in the child's best interests to
    revoke the adoption and the judge could properly conclude that the
    child's best interests were adversely affected by the grandmother's
    lengthy and deliberate delay in bringing her petition. [559-560]
There was no merit to the contention of an adopted child's maternal grand-
    mother raised in a proceeding to revoke the judgment of adoption of the
    child that, because she had filed a guardianship petition, she was a party
    entitled to notice of the adoption proceedings under G. L. c. 210, § 2,
    as amended through St. 1978, c. 552. [560-562]

PETITION filed in the Suffolk Division of the Probate and
Family Court Department on October 29, 1982.

The case was heard by *Mary B. Muse*, J.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initiative.

*Stanley H. Cooper* for the grandmother.

*Robert N. Brown* for adoptive parents.

*Charles G. Murphy* for Department of Social Services.

ABRAMS, J. This is an appeal by the maternal grandmother of
a minor from the denial of a petition for revocation of a judgment
of adoption. Pursuant to G. L. c. 210, § 3, the child was adopted
by foster parents. We transferred the case to this court on our
own motion. We affirm.

The events leading to this appeal are as follows: The child
was born in 1975 and placed in the care of the Department of
Social Services (department) in 1978, pursuant to a voluntary

393 Mass. 556                                          557

Petition for Revocation of a Judgment for Adoption of a Minor.

agreement executed by the child's mother.[1] The department placed the child with the A's, the child's present adoptive family, with whom the child lived from November, 1978, to April, 1981, almost two and one-half years.

In July, 1979, the department obtained temporary custody of the child pursuant to G. L. c. 119, § 23. The grandmother filed a petition for guardianship of the child pursuant to G. L. c. 201, in January, 1980.[2] In March, 1980, the department filed a petition to dispense with parental consent to the adoption. G. L. c. 210, § 3. The judge allowed the grandmother's motion for visitation in December, 1980. The child's natural mother died in January, 1981.

In April, 1981, the judge granted the grandmother permission to have the child visit with her for one week in New York. On April 22, two days after taking the child to New York, the grandmother initiated an action in a New York court to obtain custody of the child and also to obtain an ex parte temporary custody order. The department then filed a cross petition seeking return of the child to the Commonwealth.

On May 22, 1981, after allowing the department's motions to amend its petitions to reflect the death of the natural mother, the judge allowed the department's petitions for custody and to dispense with consent to adoption.[3] The judge also instructed the department to file an adoption petition under G. L. c. 210, § 2, forthwith. The grandmother's attorney was present for this hearing, although her counsel had not been given formal written notice. The judge instructed counsel that the grandmother was welcome to file her own petition for adoption.

[1] This fact and all others that follow, unless otherwise noted, were agreed to in writing by all parties on January 3, 1983.

[2] In a letter to the court, the grandmother stated, "I do not wish to request a hearing [on the guardianship petition] at this time. However, when the Department . . . requests a hearing on their petition of permanent custody and adoption, I would like to be notified and will request a hearing at that time." There does not appear to be any further action on the guardianship petition.

[3] On July 22, 1983, after a hearing, a motion to intervene of the natural father was withdrawn.

Neither the judge nor the grandmother's attorney recalls a specific date being set for a hearing on adoption proceedings.[4]

On May 26, 1981, the judge allowed the department's petition sponsoring the A's as adoptive parents of the child. Neither the grandmother nor her attorney was present at the hearing.

According to the grandmother, she learned the child had been adopted in June, 1981. No party appealed the adoption judgment. The grandmother filed a civil rights action against the A's, two department officials, and the child's attorney, which was dismissed by the New York Supreme Court. The custody action proceeded through the New York courts until it, and the related habeas corpus proceeding, were dismissed in November, 1982.[5] The child was then returned to the A's with whom the child has since continuously resided.[6] The grandmother filed a petition on October 29, 1982, in the Probate Court to set aside the adoption on the grounds of fraud and lack of due notice.

The judge based her denial of the grandmother's petition on four rulings of law. First, the grandmother was not a party entitled to notice of the adoption proceedings or of the proceedings to dispense with consent under either the applicable statute or rules of the court. "Had [the grandmother] acted upon her Petition to be Appointed Guardian in a timely manner, she might then have become entitled to notice, but she did not." Second, assuming that the grandmother was entitled to notice, it was received when her attorney was notified. Third, the grandmother waived any claim of prejudice or deprivation of due process from lack of timely notice because she failed to assert those claims until seventeen months following receipt of actual notice. Finally, the judge ruled that by waiting seventeen months after receiving notice of the adoption, a deliberate

---

[4] The department's attorney, however, has filed an affidavit in which she states that the judge instructed her to file an adoption petition by May 26, 1981, and said she then would consider the adoption petition.

[5] The New York courts decided the custody case on the ground of forum non conveniens.

[6] Although the judge denied the grandmother's petition for temporary custody, she allowed the grandmother's motion for visitation.

393 Mass. 556 559

Petition for Revocation of a Judgment for Adoption of a Minor.

decision based upon litigation strategy, the grandmother was not acting in the best interests of the child.

1. The critical element in child custody cases is a proper determination of the child's best interests. "The paramount consideration [must be] the welfare of the child." *Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption*, 376 Mass. 252, 266 (1978), quoting *Adoption of a Minor*, 343 Mass. 292, 294 (1961). Although a petition to revoke an adoption is not a custody case, we cannot ignore the importance of the best interests of the child in a revocation proceeding. See *Petition for Revocation of a Decree for Adoption of a Minor*, 345 Mass. 663, 671 (1963). The record reflects the judge's primary concern with the child's best interests throughout the custody and adoption and revocation proceedings.

In entertaining the petition to dispense with consent to adoption, G. L. c. 210, § 3, the judge considered the plan proposed by the department for the child. Subsection (*c*) of c. 210, § 3, requires a court to determine the best interests of the child by considering the ability, capacity, fitness, and readiness of the persons proposed to take parental responsibility and the persons with whose consent the department is petitioning to dispense. This plan stated in pertinent part that: "[The A's] have a stable relationship and a healthy family life. [Mr. A] has provided through his consistency and sensitivity the only father image [the child] has experienced. [Mrs. A's] strength and warmth have enabled [the child] to feel cared for and secure. [The A's] have provided [the child] with a loving and stable environment. If the pending petition is granted, it is our intention to implement the adoption by the foster parents." The judge interviewed the child at least once.

The judge ruled that "[b]y waiting as long as [the grandmother] did to file her petition [seventeen months][7] after receiv-

---

[7] We recently held unconstitutional the section of G. L. c. 210, § 3 (*c*), which created a "presumption that the best interests of the child will be served by granting a petition for adoption." *Petitions of the Dep't of Social Servs. to Dispense with Consent to Adoption*, 389 Mass. 793, 802-803 (1983). The fact that the judge incorrectly cited this statutory presumption in her findings does not void her decision, however, because she did not rely on the presumption in her rulings. Rather, the judge relied on an

560 393 Mass. 556

Petition for Revocation of a Judgment for Adoption of a Minor.

ing notice of the granting of the Petition for Adoption, a deliberate, not inadvertent, decision based upon a litigation strategy (New York proceeding), the Petitioner was not acting in the best interests of the child." The grandmother's argument that the judge improperly based her denial on laches or unclean hands is thus inapposite because the child's welfare, rather than the grandmother's litigation strategy, was the focus of the judge's concern. The judge could conclude that the delay adversely affected the child's best interests. *Petition of the Dep't of Social Servs. to Dispense With Consent to Adoption*, 391 Mass. 113, 118 n.7 (1984).

2. The grandmother's next argument relates to an allegation of lack of notice. The statutory notice provision sets forth who is to be notified. No notice of or consent to a judgment for adoption is required for a grandparent. Only the child to be adopted if over age twelve, the child's spouse, if any, the lawful parents, or the mother, if the child was born out of wedlock and not previously adopted, are accorded rights of consent and notice. G. L. c. 210, § 2.[8] There is no question that the grandmother does not fit into any of these categories and therefore is not entitled to notice under the statute. Statutes "relating to adoption are in alteration of the common law and must be strictly followed in all essential particulars." *Petition for Revocation of a Decree for Adoption of a Minor*, 350 Mass. 302, 304 (1966), quoting *Purinton* v. *Jamrock*, 195 Mass. 187, 197 (1907).

independent determination of the child's best interests, the adequacy of the notice, and the delay in the grandmother's filing of the petition for revocation of the judgment of adoption.

[8] General Laws c. 210, § 2, as amended through St. 1978, c. 552, § 33, provides, in pertinent part:

"A decree of adoption shall not be made, except as provided in this chapter, without the written consent of the child to be adopted, if above the age of twelve; of the child's spouse, if any; of the lawful parents, who may be previous adoptive parents, or surviving parent; or of the mother only if the child was born out of wedlock and not previously adopted. A person whose consent is hereby required shall not be prevented from being the adoptive parent."

We express no view as to whether the statute could survive a constitutional challenge by the natural father. See *Caban* v. *Mohammed*, 441 U.S. 380, 391-394 (1979).

393 Mass. 556                                                            561

Petition for Revocation of a Judgment for Adoption of a Minor.

The grandmother does not rely on the statutory notice provision, but rather upon the fact that she had filed a guardianship petition. But that alone did not make her a party to the adoption proceedings entitled to notice. As the department correctly states, prior to 1972, G. L. c. 210, § 2, *had* required that notice be given to any guardian of the child.[9] But in rewriting this section, the Legislature removed the language requiring such notice. St. 1972, c. 800, § 1. The Legislature has not reinstituted any notice requirement for guardians in either its 1974 or 1978 amendments to this section. Since the language clearly and unambiguously fails to provide for notice to guardians, we should not interpret the statute so as to find such a provision. *Rosenbloom* v. *Kokofsky*, 373 Mass. 778, 781 (1977). However, even if we were to read such a notice requirement into the statute, the grandmother's argument would fail since she had merely filed for guardianship but had not yet received it.[10]

The grandmother also argues that we should substitute the next of kin in the case of parentless children. However, in this case, the child is not parentless. See note 3, *supra*. Thus, there is no justification for us to interpret the statute as including a person not specified by the Legislature but who may be entitled to notice as a matter of constitutional law. See *Caban* v. *Mohammed*, 441 U.S. 380, 391-394 (1979). See also *Adoption of a Minor (No. 2)*, 367 Mass. 684, 687 (1975). *Farnsworth* v. *Goebel*, 240 Mass. 18, 22 (1921). Other jurisdictions also have interpreted strictly statutes concerned with notice and consent requirements for adoption. See, e.g., *Barriner* v. *Stedman*, 580 P.2d 514, 518 (Okla. 1978) (notice of adoption to grandmother not required even though she had filed a guardianship petition). Strict interpretation is appropriate to avoid complexity and delay in the adoption process that would result from

---

[9] The pre-1972 G. L. c. 210, § 2, in pertinent part, read as follows:

"A decree for such adoption shall not be made, except as hereinafter provided . . . . Notice of any petition for adoption shall be given to the guardian of the child, if any."

[10] Before her death, the mother of the child did not assent to the grandmother's guardianship petition.

recognizing a prior claim by the extended family to the child. *In re Peter L.*, 59 N.Y.2d 513, 520 (1983). But see *Wilson* v. *Family Servs. Div.*, 554 P.2d 227 (Utah 1976).

Furthermore, even if we were to substitute the grandmother for the parents, her claim would fail because she waited longer than the maximum one year after *actual* notice of the adoption to petition for revocation of the judgment. G. L. c. 210, § 11. To allow the grandmother more than a year under the statute would place her in a more favorable position than even the natural parents. We recognize that grandparents have a legitimate and important interest in their grandchildren.[11] See *Moore* v. *East Cleveland*, 431 U.S. 494 (1977); *Freeman* v. *Chaplic*, 388 Mass. 398, 408 (1983). See also *Petition for Revocation of a Decree for Adoption of a Minor*, 345 Mass. 663, 671 (1963). In *Freeman*, we said that "considerable weight [is accorded] to the importance of the child's being reared in a normal family relationship with her own next of kin." *Freeman*, *supra* at 408, quoting *Bezio* v. *Patenaude*, 381 Mass. 563, 572-573 (1980). The judge in this case gave careful consideration to the grandmother's interest but found that the child's best interests outweighed that factor. That finding is supported by the record.

The judge recognized that "[t]he welfare of the child is normally the controlling consideration in a proceeding to revoke or vacate" and granted the A's custody. We conclude that there was no error in the judge's determination that it was not in the

---

[11] The judge specifically preserved the grandmother's visitation rights. See *Care & Protection of Three Minors*, 392 Mass. 704, 718 (1984).

child's best interest to revoke the adoption of the child by the A's. Thus, there is no reason to set aside the adoption.[12]

*Judgment affirmed.*

---

[12] Since there is no evidence in the record that the grandmother raised either her constitutional due process challenge to the notice statute or her argument as to prejudice resulting from the judge's comments at a motion hearing prior to trial, we do not reach those issues. Where these issues were not raised below, we do not consider them on appeal. *Petition of the Dep't of Social Servs. to Dispense with Consent to Adoption,* 392 Mass. 696, 697 (1984). *Petition of the Dep't of Pub. Welfare to Dispense with Consent to Adoption,* 8 Mass. App. Ct. 872 (1979).

We add that, at the hearing on the grandmother's petition to revoke the judgment of adoption, the judge said that she thought that notice to the grandmother was inadequate. On reflection, however, the judge decided that because the grandmother had actual notice of the hearing within a month, the notice was adequate. On appeal, the grandmother asserts that she relied on the remarks and hence limited the issues at trial to lack of notice. Her petition for reconsideration did not raise any issue of reliance based on the judge's remarks. "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the trial judge." *Santa Maria* v. *Trotto,* 297 Mass. 442, 447 (1937).