Black, P.J.
This case involves a petition brought by the plaintiff, Sandra Jean Plath (petitioner), in the State of Wisconsin, under the provisions of the Uniform Reciprocal Enforcement of Support Act (URESA) in which the petitioner seeks to recover both current support and arrearages from her former husbánd, Clifford D. Plath, the defendant (respondent), who currently resides in Attleboro, Massachusetts. After service was made upon the respondent, an answer was filed in which the respondent admitted being *179 married to the petitioner on September 22,1967, and further admitted that a child was born of the marriage. The answer denied that the petitioner v/as entitled to child support because the child had attained the age of majority and was employed. The answer further denied liability for payment of arrearages. Subsequently, a Motion To Dismiss was filed on the grounds that the court lacked authority to order payment of arrearages under present Massachusetts law. The motion was denied and the respondent requested that the ruling be reported to the Appellate Division for review. A trial was held with respect to the petition. At trial, the only relevant evidence presented by the petitioner consisted of the original petition, testimony, Certificate and Order together with a Selected Computer Report of Clifford Plath and Sandra Plath. The respondent testified that he was employed as a gas station manager. At the close of the trial and before final arguments, the respondent made the following requests for rulings, on which the trial judge ruled as indicated:
1. That {he Uniform Reciprocal Support Act cannot be used to enter an order for a child who has reached the age of majority. (Allowed)
2. That the Uniform Reciprocal Support Act cannot be used to enter an order for support of a former spouse who has remarried. (Allowed)
3. That the Uniform Reciprocal Support Act cannot be used to enforce any support orders made in a divorce proceeding in a foreign state. (Allowed, but not applicable)
4. The evidence does not warrant a finding in favor of the petitioner. (Denied)
The court made the following findings:
1. Petitioner and respondent were married in Iowa on September 22,1967.
2. There was a child born of the marriage, Dale Plath, born on December 4, 1967.
3. Petitioner and respondent were divorced in Wisconsin on November 12, 1973.
4. Under the terms of the Wisconsin divorce order, petitioner was awarded custody of the minor child and respondent was ordered to pay $25 per week as child support, and $20 per week as alimony.
5.Subsequently, petitioner began to receive public assistance from the Winnebago County Department of Social Services, State of Wisconsin, for herself and her son, and respondent made payments to the State of Wisconsin toward his support obligations.
6. On August 21,1985, a petition was filed in the Circuit Court of the County of Winnebago, Wisconsin, under the Uniform Reciprocal Enforcement of Support Act.
7. As of that date, petitioner had received public assistance in the amount óf $34,558.31; respondent was in arrears $13,998.15 on his $45 weekly order. The said weekly order was a reasonable duty of support.
8. A judge of said court determined that respondent owed a duty of support to his minor son. Fifteen weeks later, his son attained the age of eighteen. During this period, respondent incurred a weekly support obligation of $25, or $375 for the fifteen week period. He paid an additional $85 so the arrearage increased to $14,288.15.
9. Some time between August 21, 1985 and the date of.hearing in the Attleboro District Court, petitioner remarried and respondent’s obligation to her terminated.
10. The Winnebago County Department of Social Services, State of Wisconsin, is entitled to reimbursement for expenditures made to the petitioner in the net *180 amount of $14,228.15.
11. A weekly payment of $25 from respondent to Winnebago County Department of Social Services, State of Wisconsin is a reasonable amount to be paid for reimbursement until reimbursement is made in full.
The court made the following Order and Decree:
It is Ordered and Decreed that respondent Clifford Plath pay to Winnebago County Department of Social Services, in the name of petitioner, the weekly amount of $25 for reimbursement of expenditures. The first payment to be made on June 16, 1986 and to continue until $14,288.15 is paid. Payments must be made directly to the Probation Office of this court.
The appellant claims to be aggrieved by denial of his Motion To Dismiss, the court’s rulings on requests 3 and 4, findings 7,10 and 11 as well as the Order and Decreee.
Essentially, the sole issue presented for judicial review is whether G. L. c. 273A, known as the Uniform Reciprocal Enforcement of Support Act, authorizes a court of competent jurisdiction to enter an order against a respondent directing payment of past support obligations, commonly referred to as arrearages.
The purpose of URESA is “.. .to provide an effective procedure to compel performance by a person who is under a duty to support dependents in another state...” Keene v. Toth, 335 Mass. 591 (1957). According to G. L. c. 273A, §1, the “duty of support” includes any duty of support imposed by law, or by any court order, decree or judgment, whether interlocutory or final, whether incident to a proceeding for divorce, legal separation, separate support, or otherwise. The duties of support which are enforceable are“.. . those imposed under the law of any state in which the alleged obligation was present during the period for which support is sought in which the obligee was present when the failure to support was commenced (§4),and the court.. . “may order the respondent to furnish support or reimbursement therefore in a reasonable amount, and subject the property of the respondent to such order”, (emphasis added) (§10). The respondent relies upon language contained in Phillips v. Phillips 336 Mass. 561, 563 (1958) wherein the Supreme Judicial Court stated that a District Court judge had power to make a valid order “prospective in operation” based upon the respondent’s duty to support his children in another state, as prohibiting an order of payment of arrearages. We would hasten to point out that no issue of arrearages was presented in that case. We also note that the Appellate Division (Western District) considered the question of arrearages in Mazzocco v. Mazzocco, 1978 Mass. App. Div. 622. There the trial judge had declined to include arrearages within his order of payment but the case had been appealed by the respondent on procedural and other grounds. In reviewing the judge’s order, the Appellate Division noted that while the trial judge had construed the statute as not permitting collections of arrearages:
Such an obligation might be implied from the wording of section four, under which ‘ [d] uties of support enforcement under this chapter are those imposed under the laws of any state in which the alleged obligor was present during the period for which support is sought, or in which the obligee was present when the failure to support commenced’ (emphasis supplied). The retrospective determination of an event contemporary with a part of the period for which support might be sought is consistent with a legislative intent to authorize a support order of similarly retrospective character.See also the statement in *181 M_v. W_, 352 Mass. 704 (1967) that ‘[w]e construe c. 273A [even if it is largely procedural and even though it creates no new substantive rights of duties] as providing a new and additional civil remedy (s. 2, fn. 3) for the enforcement of all relevant preexisting substantive rights’ (emphasis supplied).
The 1968 version of the URESA specifically defines “duty to support” to include the duty to pay arrearages of support past due and unpaid and further provides that all duties of support, including the duty to pay arrearages are enforceable by a proceeding under this Act, including a proceeding for civil contempt. 23 AM. JUR. 2D Desertion and Non-Support, § 123 (1983). child support arrearages have also been held enforceable under the Act on the ground that they constitute a vested right under state law (Dorsey v. Dorsey, 86 Ill. App. 3rd 1043, 408 NE 2d 502 (19 ), and on the ground that the responding court is required to give full faith and credit to the judgment of a sister state court which has ordered the payment of arrearages (Germmiti v. Beagle, 94 Wisc. 2d 588, 405 NYS 2d 225, holding that even though the Uniform Support of Dependents Law effective in New York did not specifically recognize a cause of action for arrearages, a New York court was required to give full faith and credit to the judgment of a California court which had ordered the father to pay arrearages). Although Massachusetts has not enacted the 1968 Amendment to section 2(b) of the URESA, we believe that the provision in section 10, which authorizes the court to order the respondent to furnish “support or reimbursement” (underlining supplied), allows the court to include arrearages as part of its order. Such a conclusion comports with the Legislature’s directive in G.L.c. 273A, § 17, to construe this statute to make it “substantially uniform” with the laws of other states. Bushnell v. Bushnell, 395 Mass. 462, 469 (1984).
In conclusion, the trial judge’s determination that the Uniform Reciprocal Enforcement of Support Act, as enacted in Massachusetts, permits a District Court judge to order payment of arrearages was not erroneous. Therefore, there is no prejudicial error and the report is dismissed.