EVERETT E. KERR *vs.* WILLIAM R. KERR & others.[1] No. 87-1027. May 17, 1988. *Practice, Civil,* Complaint. *Adoption,* Revocation.

The plaintiff was born in 1921. His biological parents were divorced some time after his birth, and he went to live with his maternal grandmother. His mother married William R. Kerr in 1925. Shortly thereafter, Kerr commenced adoption proceedings in the Hampden County Probate Court which culminated in the adoption of the plaintiff. The plaintiff's birth certificate and the birth records were not changed, however, and he continued to live with his grandmother. Soon after the adoption, William R. Kerr disappeared. The plaintiff continued to have a relationship with his biological father, Ernest F. Adams, who considered the plaintiff to be his son. On many occasions during his adolescence, the plaintiff accompanied his biological father to the bank so that the father could make support payments. The plaintiff was unaware that he had been adopted. Ernest F. Adams died on August 13, 1986. In his will he left $25 "to [his] son, Everett Kerr." There was a residual bequest to his wife, but it had lapsed upon her death some years earlier. If the plaintiff is not the heir at law of Ernest F. Adams, the residual estate escheats to the Commonwealth. See G. L. c. 190, § 3(7).

The plaintiff filed a complaint in the Probate Court alleging, essentially, the foregoing facts. He requested that the court set aside the adoption nunc

[1] Rita L. Kerr and Gary P. Shannon, public administrator. Neither William R. Kerr nor Rita L. Kerr appeared in the action.

pro tunc, expunge the adoption records, determine that the plaintiff is the son and legal heir of the decedent, Ernest F. Adams, and appoint the plaintiff executor of the will. The public administrator for Hampden County moved to dismiss the complaint. Taking the alleged facts as true, and relying on, among other things, the statutory adoption scheme, the judge allowed the motion. Various posttrial motions were filed by the plaintiff and denied.

The judge properly dismissed the complaint as it failed to state a claim entitling the plaintiff to relief. General Laws c. 210, § 7, as amended through St. 1975, c. 769, § 1, provides, with one exception, which is inapplicable to the plaintiff's situation, that "[a] person shall by adoption lose his right to inherit from his natural parents or kindred . . . ." The statutory rule eliminating an adopted person's possibility of inheritance from his natural parents or kindred is justified by the "[s]ubstitution of a new set of expectancies." *Katz* v. *Koronchik*, 369 Mass. 125, 127 (1975). The plaintiff has alleged facts justifying the assumption that he may have been ill served by the adoption and that the new set of expectancies he was to have received may never have materialized. Such equitable considerations do not support the setting aside of a judicial decree of adoption, however, more than sixty years after its entry. Certainly this is so in the absence of any allegation of fraud or procedural irregularity in the adoption proceedings, and where the best interests of a minor child are not involved. Compare *Petition for Revocation of Judgment for Adoption of a Minor*, 393 Mass. 556 (1984).

*Judgment affirmed.*

*Denial of postjudgment motions affirmed.*

*Merwyn J. Burstein* (*Theresa M. Gilhooly* with him) for the plaintiff.
*Gary P. Shannon* for the defendant.