Ruma, J.
This is an action pursuant to the Uniform Reciprocal Enforcement of Support Act, G. L. C.273A, which was referred to the Ayer Division of the District Court Department by the Domestic Relations Section of the 38th Judicial District, Montgomery County, Morristown, Pennsylvania.
The report states that the petitioner, Susan B. Reese Broom (“Broom”) and the respondent, Robert E. Reese (“Reese”), are the patents of two minor sons, Jordan and Alexander Reese. The parties were divorced in Pennsylvania on April 12,1982. Reese Was then ordered by the Montgomery County Court to pay $200.00 per week for the support of the parties’ children.
The petitioner married a Mr. Broom in 1984, and they had a child born on December 15,1985.
Both parties subsequently sought modification of the 1982 support decree. On August 28,1986, the Montgomery County, Pennsylvania court increased its child support order against Reese to $240.00 per week for the parties’ two minor children. The order stated that petitioner Broom had a then six month old child and that Reese had an earning capacity of $58,000.00 per year based on his 1985 income. Reese’s petition for a reduction of his support obligation was dismissed upon his failure to appear at the modification hearing. Reese stopped all support payments in February of 1986 and his arrearages totalled $14,108.00 as of April 7,1987. Reese alleged that he had been unemployed from. February 17,1986 until August 1,1986. The respondent never sought to obtain unemployment compensation benefits during this period, and did not resume support payments in compliance with the Pennsylvania order upon regaining employment.
In the G. L. 6.273A enforcement proceedings in the Ayer Division, Reese filed a financial statement disclosing a 1986 gross income of $13,380.00 and 1987 gross monthly earnings of $4,000.00. Broom filed no financial statement, and, was unable on cross-examination to itemize the cost of raising the parties’ two children. Broom testified, however, that she had submitted a statement of. expenses to the Pennsylvania court, that she estimated the total expenses for her two children at $500.00 per week and that such figure included, but was not limited to, expenditures for food, clothing, recreational and extracur *91 ricular activities and health and dental insurance.
Attached to the report before this Division is a trial court transcript prepared by respondent Reese’s counsel from the tape recording of the Ayer Division proceedings. The report states that the tape was in part “unintelligible, inaudible and confused” and that the resulting transcript is not “absolutely complete or accurate.” Selected excerpts from such transcript are nevertheless set forth in the text of the report. Such partial excerpts are of colloquies between the trial justice and respondent’s counsel relative to the admissibility of evidence of the earnings of petitioner’s husband and respondent’s present wife; and the legal obligation, if any, of the petitioner to relinquish her role as caretaker of the Brooms’ then thirteen month old child to seek employment outside the home.
No written requests for rulings of law were ever filed by the respondent.
The trial court adopted the Pennsylvania support order of $240.00 per week. The court also reduced the amount ofReese’s total arrearages from $14,108.00 to $10,000.00 and ordered payment of $60.00 per week upon such arrearages.
The report states that the respondent charges error in the court’s support and arrearage order on the grounds that such order “was wholly unrelated to the needs of the children and was based upon his responsibility as father for the support of the children and expressly excused Mrs. Broom as mother from any such responsibility contrary to law.” Respondent’s counsel admitted in oral argument before this Division, however, that the respondent did not, in fact, challenge the support order itself.
1. The report states that the respondent’s appeal presents two issues for appellate consideration; namely,
whether the court considered facts in arriving at its judgment which reflected constitutional principles unrelated to persons' gender; and whether the court was required to receive or elicit reliable financial information from the mother of the children before entering a judgment in this case pursuant to which some purported needs of the children might be met.
Such a formulation of issues suggests that the respondent now claims to be aggrieved by allegedly unconstitutional evidentiary and legal standards employed by the trial justice in determining the respondent’s support obligation; and by an alleged insufficiency of evidence to support the court’s ultimate order for weekly support and arrearage payments. An examination of the report indicates, however, that neither.of these issues was properly raised in the trial court, or preserved for review by this Division.
It is elementary that issues of law, including those of constitutional proportion, which are argued for the first time on appeal, will not be considered by an appellate court. Petition for Revocation of a Judgment for Adoption of a Minor, 393 Mass. 556, 563 n.12 (1984); M.H. Gordon & Son, Inc. v. Alcoholic Beverages Control Comm., 386 Mass. 64, 67 (1982); Samson v. SanLand Develop. Corp., 17 Mass. App. Ct. 977, 979 (1984); Altschuler v. Boston Rent Board, 12 Mass. App. Ct. 452, 459 (1981), aff'd 386 Mass. 1009, 1010 (1982). The proper method of addressing an issue of law to a district trial court and of preserving the court’s resolution of such issue for appellate review is the filing of a Dist./Mun. Cts. R. Civ. P., Rule 64(b) request for ruling of law. Thoresen v. LeTendre, 1983 Mass. App. Div. 191, 193; First United Small Business Investment Co. v. Price-Rite Discount Foods, Inc., 1981 Mass. App. Div. 34, 35. See, as to question of sufficiency of evidence, Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); Landrum v. *92 Commonwealth, 1981 Mass. App. Div. 6, 7. The requirements of Rule 64(b) and of all other civil and appellate procedural mandates are fully applicable to the hearing of a G. L. cl.273A, Uniform Reciprocal Enforcement of Support petition. Bushnell v. Bushnell, 393 Mass. 462, 472-473 (1984).
In neglecting to file Rule 64(b) requests, the respondent failed to elicit from the trial justice any distinct rulings of law which could be considered by this Division. Such failure was tantamount to a waiver of any right to appellate review.
2. The respondent’s inclusion of a transcript in the materials forwarded to this Division did not obviate the need for Rule 64(b) requests for rulings herein. A transcript could not serve as an effective substitute for the clear separation of judicial findings and legal rulings essential to appellate review which is achieved by the filing and disposition of Rule 64(b) requests. The respondent concedes that the transcript is incomplete. As such, it discloses only partial segments of interrupted questions; often unfocused and inconclusive colloquies between the judge and counsel; and interim, disconnected comments by all parties.xNo definitive or final legal rulings emerge or can be extracted from a reading of this document. The selectedjudicial statements and remarks culled by the respondent from this transcript do not constitute the “unambiguous, conclusive resolution of dispositive issues” which signals the rendition of reviewable judicial rulings and findings. Stamos v. Jacobsen, 1987 Mass. App. Div. 185.
Moreover, the inclusion of a transcript in a Dist./Mun. Cts. R. Civ. P., Rule 64 appeal is improper. The use of a transcribed record, even when certified as complete and accurate, is antithetical to the Rule 64appellate procedural scheme which is founded upon a report in the nature of a bill of exceptions. Dreikorn v. Durkin, 1983 Mass. App. Div. 267, 268. See also, Mealey v. Camuso, 30 Mass. App. Dec. 79 (1964). The inclusion of a complete transcript is proscribed because, inter alia:
it tends to invite or at least tacitly sanction the practice of allowing the appellant to shift the burden of ferreting out error from the aggrieved party to the appellate court.. . . The presence of a transcript would [also] encourage, sub silentio, incursions by the reviewing court into the fact finding process, invite the weighing of evidence and the formulation of inferences of fact by appellate judges in a manner inconsistent with the intent of the present appellate review structure in district courts. The erosion of the authority of the trial judge as a fact finder and the usurpation of this function by the appellate division would offend the enabling statute.
Rhode Island v. Montijo, 1980 Mass. App. Div. 146, 149. The respondent’s efforts to prosecute the present appeal solely on the basis of a transcript illlustrate the very factors which militate against the utilization of a transcript in a Rule 64 proceeding.
3. Report dismissed.