Turcotte, P.J.
The Commissioner of Social Services of New York as assignee brought a petition under New York Law substantially similar to G.L. 273A, the. Uniform Reciprocal Enforcement of Support Act, seeking support for the minor child of the assignor. The petition alleged the respondent is the father of. the minor child and the father had failed to provide support according to his means and earning capacity. The papers were forwarded to the Southern Berkshire Division in March of 1985 in accordance with G.L. 273A and filed there.
The respondent was represented by counsel and denied paternity. The case was heard and the assignee and respondent along with other witnesses testified. The petitioner’s case was presented by an Assistant District Attorney. of Berkshire County. The Trial Justice reported the issue of whether the results of an HLA Test would be admitted in evidence;[1] however, the issue subsequently became moot when both parties agreed there were irregularities in the administration of the test. The mother of the child testified that she had sexual ’ relations with the respondent eight to twelve times during the time period when he could have fathered her child. In March of 1984, she visited the respondent and informed him of her pregnancy. The child was born in August of 1984. The trial justice found the respondent the father of the child, and ordered payment of $75.00 per week as support in the future. He also established arrears of $9,997.50.
The respondent filed five requests for rulings on February 26,1988, all which were allowed and three additional requests on November 9, 1988, all which were denied.
The respondent makes no claim of error on the part of the trial justice in allowing or denying any of the request for rulings of law, rather, the respondent filed several motions for new trial all which were denied. The respondent claims error in the denial of these motions. When requests for rulings are not requested from the trial judge, this failure is tantamount to-waiver of any right to appellate review. Broom v. Reese, 1988 Mass. App. Div. 90. When requests are made and the judge rules correctly a motion for new trial' claiming the judge committed error in applying that rule of law is a request for a review of the facts unless it is argued that no view of the facts supports the judge’s application of the law. No such argument is made here; however, we *153 consider each of the motions for a new trial.
One of the motions for a new trial is based on the fact that tape recordings of the proceeding were lost or destroyed. Rule 64 of the District-Municipal Court Rules of Civil Procedure states that testimony of the trial should not be set out in the report but the substance of the testimony be given. Respondent claims no prejudice and the tape seems unnecessaryfor creating an accurate report. This motion was properly denied. Broom v. Reese,Id.
A second motion for a new trial was based on a claim of newly discovered evidence. When the trial was over, the Clerk-Magistrate received a typed unsigned 9 line letter addressed to the trial justice which stated the writer was the father and not the respondent. It is clear that the Trial Justice did not accept this document as credible. There was no error in its denial.
A third motion for a new trial was based on the order for payment of $75.00 and the order for arrears. Such an order is proper. M. v. W, 352 Mass 704, at 706 and Platt v. Platt, 1986 Mass. App. Div. 178. The j udge’s findings indicate he based the sums ordered paid upon evidence he found persuasive.
A fourth motion.for new trial is based on the fact that the Commonwealth had represented the petitioner. We find this proper. Commonwealth v. Lobo, 384 Mass 436, at 448 (1981).
A fifth motion is based on the ground that the court could not rule impartially and dispassionately on the credibility of witnesses and another on the ground that the judge should recuse himself. The argument presented is since the Trial Justice knew of the results of the HLA test; and demonstrated a desire for an admissible blood test and stated a concern for the child’s welfare, he could not make a fair decision. The five requests for rulings of law allowed by the Trial Justice demonstrated the opposite; he correctly allowed 5 statements of law setting out when a Justice should recuse himself. A Trial Justice should seek the best evidence available. There was no error in denying these motions.
The remaining motion seeks a new trial by arguing that another fact finder could have found different facts. There being no error in the denial of any of these motions, the report is dismissed.

. S v. D, 1987 Mass. App. Dec. 1973